George A. LOPEZ, Petitioner,

v.

**CAREER SERVICE REVIEW BOARD and Industrial Commission of Utah, Respondents.**

No. 910501–CA.

Court of Appeals of Utah.

May 27, 1992.

Lynn J. Lund, Salt Lake City, for petitioner.

Benjamin A. Sims and Thomas C. Sturdy, Salt Lake City, for respondents.

Before BENCH, P.J., and ORME and RUSSON, JJ.

BENCH, Presiding Judge:

Petitioner Lopez seeks review of a jurisdictional hearing conducted by respondent Career Service Review Board (the Board), wherein the Board determined that it did not have jurisdiction to hear Lopez's employment grievance. We affirm.

## FACTS

Lopez is a senior investigator with the Utah State Industrial Commission (the Commission). He claims that in 1989 he

saw a clear trend by the Commission towards using investigators with legal training.[1] Since Lopez had no legal training, he decided that it would be to his professional advantage to attend law school. He applied for and was accepted to the University of Utah law school. Upon learning of his acceptance, Lopez requested that he be allowed to work part-time while attending law school. His immediate supervisor informed him in writing that his proposal to work part-time was rejected. Lopez nevertheless pursued additional discussions in an attempt to accommodate the interests of the Commission. Various alternatives were discussed, but none was accepted.

Lopez claims that at one point in the discussions his supervisor asked him to draft a contract reflecting his proposal to work part-time on a job share basis. Lopez assumed that the request indicated that his job share proposal had been accepted. The contract he prepared, however, was never expressly accepted or rejected by the Commission.

Lopez went to law school. Part of his proposed plan was that he would use his annual leave while adjusting to law-school life. He therefore took approximately one month of annual leave at the beginning of the school year. When he attempted to return to work part-time, however, he was informed that his proposal to job share was still unacceptable. The Commission offered him the opportunity to work at a temporary level for 19 hours a week, but, because it was a temporary position, he would be required to relinquish his career service status. In the alternative, the Commission was willing to grant him a leave of absence without pay, thereby keeping his status intact. The only other alternative was for him simply to resign his position. Lopez opted to take the leave of absence and, under protest, signed an agreement to that effect. Following his first year of law school, Lopez returned to full-time work with the Commission in his former position.

Lopez filed a grievance that progressed unsuccessfully through the Commission's internal review process. Lopez then requested an evidentiary hearing before the Board. Inasmuch as there was some question whether the Board was authorized to hear the grievance, the administrator of the Board ordered that a jurisdictional hearing be conducted. The administrator then recused himself due to a conflict caused by his involvement with an advisory board of the Commission, and a hearing officer was appointed to conduct the hearing.

At the hearing, Lopez "proffered" his version of the facts in writing. The hearing officer refused to accept his written version due to its length and argumentative nature. The Commission proposed its own "chronology" of events and documents, which was admitted without objection from Lopez. Lopez was then allowed to testify as to any facts he felt were relevant. His counsel questioned him for approximately three hours. The hearing officer then ruled that the grievance did not come within any of the statutory categories over which the Board had jurisdiction. The hearing officer further held that Lopez was not harmed by the Commission's actions because he was allowed to return to his former position after the leave of absence.

In accordance with section 13 of the Utah Administrative Procedures Act (UAPA), Utah Code Ann. § 63–46b–1 to –22 (1989), Lopez requested that the hearing officer reconsider her decision.[2] The decision was not altered, and Lopez filed this petition for

---

1. The Commission denies any trend, but it does admit that in advertisements for investigators it had indicated that preference would be given to those with legal training.

2. The Commission asserts that UAPA does not govern this case because UAPA does not apply to "internal personnel actions within an agency concerning its own employees, or judicial review of those actions." Section 63–46b–1(2)(e). The Board errs in asserting that the Board's actions constitute "internal personnel actions within an agency." The Board is an agency external to the Commission to which personnel matters are appealed. UAPA therefore applies. This conclusion is supported by statutory language within the chapter establishing the Board that indicates UAPA applies to actions by the Board. *See, e.g.,* Utah Code Ann. §§ 67–19a–202(2), 67–19a–203(6) (1986).

review. He alleges three principal errors by the hearing officer: (1) the refusal to accept his written proffer of facts was a denial of due process, (2) the conclusion that the Board did not have jurisdiction to hear his grievance was erroneous, and (3) the finding that he was not harmed by the Commission's actions was clearly erroneous.

## STANDARD OF REVIEW

■■■ Questions regarding whether an administrative agency has afforded a petitioner due process in its hearings are questions of law. We therefore do not give deference to the agency's actions. *Tolman v. Salt Lake County Attorney*, 818 P.2d 23, 28 (Utah App.1991). Jurisdictional determinations are questions of law to which we give no deference. *Department of Social Servs. v. Vijil*, 784 P.2d 1130, 1132 (Utah 1989).

## OUR JURISDICTION

Before addressing the merits of the petition, we consider two threshold questions as to whether this court has jurisdiction.

### Formal or Informal Proceedings

■■■ The first jurisdictional question involves whether this administrative appeal should be before the district court. UAPA provides that district courts have exclusive jurisdiction over administrative appeals from informal adjudicative proceedings. Section 63–46b–15. Administrative appeals from formal adjudicative proceedings are to be made either to this court or to the supreme court. Section 63–46b–16.

Administrative appeals that are improperly brought to this court are to be transferred to the district court pursuant to Utah Rule of Appellate Procedure 44. *Alumbaugh v. White*, 800 P.2d 825 (Utah App.1990). In *Alumbaugh*, the administrator of the Career Services Review Board conducted an administrative review of an employee's grievance file without a hearing. We held that the absence of a hearing made the Board's action informal, despite the Board's designation of all adjudicative proceedings as formal, and transferred the case to district court for a trial de novo. *Id.*

In the present case, the hearing officer conducted a hearing. Lopez was allowed to appear before the hearing officer and to present his position. Evidence and documents were accepted into the record, and a court reporter was present. There has been no showing that any of the requirements of a formal hearing, as set forth in section 8 of UAPA, have not been met. Since there was a hearing, and there is no showing of any violations of section 8, we conclude that this was a formal adjudicative proceeding that we may properly review.

### Timeliness

■■■ The second jurisdictional question involves the timeliness of Lopez's petition to this court. The hearing officer entered her decision on July 2, 1991. Lopez requested on July 22nd that the hearing officer reconsider her decision. On July 31st, the hearing officer sent Lopez a letter. The full text of the letter was as follows: "I have read your *Motion for Reconsideration and Evidentiary Hearing*. This letter is to notify you that your motion has not persuaded me to change my decision." Lopez filed this petition for review on September 3rd.

Subsection 14(3)(a) of UAPA provides: "A party shall file a petition for judicial review of final agency action within 30 days after the date that the order constituting the final agency action is issued or is considered to be issued under Subsection 63–46b–13(3)(b)." Subsection 13(3) applies to requests that an agency reconsider its action and provides:

(a) The agency head, or a person designated for that purpose, shall issue a written order granting the request or denying the request.

(b) If the agency head or the person designated for that purpose does not issue an order within 20 days after the filing of the request, the request for reconsideration shall be considered to be denied.

The issue is whether the letter from the hearing officer constitutes a "written order." If it does, then Lopez's appeal is untimely, the thirty days having run their course on August 30th, four days before Lopez filed his petition. If the letter did not constitute a written order, then Lopez's request for reconsideration was deemed denied, as a matter of law, on August 11th, twenty days from his request. Lopez's filing on September 3rd would therefore be timely.

Section 10 of UAPA requires considerable detail in agency orders issued in connection with formal adjudicative proceedings. It states, in pertinent part:

(1) Within a reasonable time after the hearing, or after the filing of any post-hearing papers permitted by the presiding officer, or within the time required by any applicable statute or rule of the agency, the presiding officer shall sign and issue an order that includes:

(a) a statement of the presiding officer's findings of fact ...;

(b) a statement of the presiding officer's conclusions of law;

(c) a statement of the reasons for the presiding officer's decision;

(d) a statement of any relief ordered by the agency;

(e) a notice of the right to apply for reconsideration;

(f) a notice of any right to administrative or judicial review of the order available to aggrieved parties; and

(g) the time limits applicable to any reconsideration or review.

Utah Code Ann. § 63–46b–10 (1989).

An ambiguous letter, merely indicating that the request for reconsideration was unpersuasive, does not constitute a "written order" as described in subsection 10(1). As a matter of appellate necessity, we must have unambiguous final administrative orders from which we may calculate jurisdictional time periods. Otherwise, our jurisdiction can become uncertain.

Inasmuch as the hearing officer's letter was insufficient to constitute a written order as anticipated by subsection 13(3)(a), Lopez's request for reconsideration is deemed denied on August 11th under subsection 13(3)(b). His petition for review is therefore timely.

## THE MERITS

### Proffer of Facts

■ Lopez first asserts that the hearing officer denied him due process by not considering his written proffer of facts. He relies upon *Tolman* for the proposition that "due process demands a new trial when the appearance of unfairness is so plain that [the appellate court is] left with the abiding impression that a reasonable person would find the hearing unfair." *Tolman*, 818 P.2d at 28 (quoting *Bunnell v. Industrial Comm'n*, 740 P.2d 1331, 1333 n. 1 (Utah 1987)). Even if it were improper for the hearing officer to refuse to consider Lopez's written version of the facts, as asserted by Lopez, he has nevertheless failed to present to this court any explanation of how the actions of the hearing officer were patently unfair. At the hearing, Lopez was allowed to testify at length in lieu of the written statement. He has not directed us to a single fact contained in the written statement that he was not allowed to present orally to the hearing officer. Given Lopez's opportunity to testify, we simply are not left with an abiding impression that a reasonable person would find the hearing unfair.

### Jurisdiction of Board

The Board was established to provide state civil service employees with a forum for appealing personnel decisions outside the agency for which they work. The Board, however, does not have jurisdiction to hear all appeals of all personnel matters. Its jurisdiction is statutorily limited to certain agency actions.

(a) The board shall serve as the final administrative body to review appeals from career service employees and agencies of decisions about promotions, dismissals, demotions, suspensions, written reprimands, wages, salary, violations of personnel rules, issues concerning the equitable administration of benefits, reduc-

tions in force, and disputes concerning abandonment of position that have not been resolved at an earlier stage in the grievance procedure.

(b) *The board has no jurisdiction to review or decide any other personnel matters.*

Utah Code Ann. § 67–19a–202(1) (Supp. 1991) (emphasis added).[3]

When an employee files a grievance with the Board, subsection 403(2)(a) requires the Board's administrator to determine the following factors before the Board may hear the grievance.

(i) whether or not the employee is a career service employee and is entitled to use the grievance system,

(ii) whether or not the board has jurisdiction over the grievance,

(iii) whether or not the employee has been directly harmed; and

(iv) the issues to be heard.

Utah Code Ann. § 67–19a–403(2)(a) (Supp. 1991).

In order to make the determinations required, the administrator may "hold a jurisdictional hearing, where the parties may present oral arguments, written arguments, or both." Subsection 67–19a–403(2)(b)(i). This was the basis and goal of the jurisdictional hearing from which Lopez now appeals.[4]

■ Lopez initially challenges the hearing officer's determination that the Board lacked jurisdiction by asserting that the Board's administrator erroneously placed the "burden of proof" on Lopez to prove that the Board had jurisdiction. It is axiomatic that a party wishing to bring a matter before a tribunal with limited subject matter jurisdiction must present sufficient facts to invoke the limited jurisdiction of that tribunal. *Department of Social*

*Servs. v. Vijil,* 784 P.2d 1130, 1132 (Utah 1989). It was therefore necessary for Lopez to show that his grievance fit into one of the categories of grievances designated in subsection 202(1) in order to bring his grievance before the Board.

■ Lopez argues the Board has jurisdiction because the Commission's requirement that he take a leave of absence without pay was a "de facto suspension." The hearing officer, however, found that Lopez made a conscious decision to attend law school and that his decision was made after he had been formally notified that he would be required to take a leave of absence if he were to attend law school. The hearing officer also found that the ongoing discussions between Lopez and the Commission concerning other possible work alternatives had not resulted in a meeting of the minds. Given the hearing officer's factual findings, it is clear that the unpaid leave of absence was the direct result of Lopez's unilateral and voluntary decision to attend law school. It was not in any way initiated by the Commission. The record is clear that Lopez was always free to remain in his job full time as long as he did not elect to attend law school. He may not now transform the direct result of his own voluntary decision into a "de facto suspension" by the Commission.

■ Lopez also argues that the Commission violated several personnel rules when it refused to allow him to work during law school. As stated in subsection 202(1), grievances arising from violations of personnel rules are within the Board's jurisdiction. Lopez points to Human Resource Management Rule R468–5–12, which states with our emphasis:

> factors set out in subsection 403(2)(a). If an employee's grievance meets the statutory requirements in subsection 403(2)(a), the employee is entitled to a hearing on the merits of the claim. Any language suggesting that the hearing officer considered the actual merits of Lopez's grievance was nevertheless harmless since the factual findings clearly show that jurisdiction was lacking as a matter of law.

**3.** All other matters may be grieved only to the level of the department head whose decision is final and unappealable to the Board. See Utah Code Ann. § 67–19a–302(2) (Supp.1991).

**4.** Lopez asserts that the hearing officer improperly treated the jurisdictional hearing as a hearing on the merits. There is some language in the hearing officer's decision that supports his claim. As indicated in subsection 403(2)(b), the jurisdictional hearing is to consider the four

Agency management *may* establish a program of job sharing as a means of increasing opportunities for career part-time employment. In the absence of an agency program, individual employees *may* request approval for job sharing status through agency management.

Utah Admin.Code § R468–5–12 (1991).

The hearing officer held that the Commission's decision not to allow Lopez to job share was not a violation of this policy because the rule gives the Commission full discretion whether to allow job sharing. The hearing officer reasoned that since there was no mandate that job sharing be allowed, job sharing was a privilege that might be granted by the Commission, but it was not a right to which Lopez was entitled by law. Since the Commission's decision not to allow job sharing was within its discretion, Lopez's complaint could not logically constitute a claim that a personnel rule had been "violated." We agree.

Discretionary personnel powers granted to agencies do not constitute mandates. Absent a statutory mandate that an employee receive a certain benefit, the employee may not demand it as a right. Since there was no mandate requiring the Commission to allow Lopez to job share, Lopez has failed to identify any personnel rule that was violated by the Commission's refusal to allow him to job share. Jurisdiction therefore was properly denied.[5]

### Harm to Lopez

Finally, Lopez claims that the hearing officer erred when she found that he had not been harmed by being "required" to take an unpaid leave of absence because he was able to return to his former position. Whether Lopez was directly harmed by the Commission's action is the third factor to be determined at a jurisdictional hearing. *See* section 67–19a–403(2)(a)(iii). However, the hearing officer did not need to reach this issue because she determined that Lopez's grievance did not fall within the cate-

gory of grievances over which the Board had jurisdiction. Regardless of whether or not Lopez was harmed, the Board could not hear the grievance. We therefore need not address this final claim of error.

### CONCLUSION

The hearing officer's finding that the Board lacked jurisdiction to hear Lopez's grievance is affirmed.

ORME and RUSSON, JJ., concur.

---

5. Lopez also points to the Human Resource Management Rules regarding "Time Limited Positions," Utah Admin.Code § R468–5–10 (1991), and "Education Assistance," Utah Admin.Code § R468–10–4 (1991). We limit our discussion to

the policy on job sharing since our analysis applies equally to all three policies. Under these rules, agencies are given the ability to create time limited positions and provide education assistance *in their discretion.*