**SANDERS BRINE SHRIMP, Petitioner,**

v.

**AUDIT DIVISION OF the UTAH STATE TAX COMMISSION, Respondent.**

No. 910106.

Supreme Court of Utah.

Jan. 28, 1993.

R. Paul Van Dam, Mark E. Wainwright, Salt Lake City, for Utah State Tax Com'n.

Richard C. Cahoon, Salt Lake City, for Sanders Brine Shrimp.

Kent B. Linebaugh, John N. Brems, Salt Lake City, for amici Water & Power Technology, Inc., and Mount Olympus Waters, Inc.

ZIMMERMAN, Justice:

Sanders Brine Shrimp, a Utah partnership, seeks review of a February 13, 1991, final order of the Utah State Tax Commission. The Commission held that Sanders did not qualify for the sales tax exemptions provided for either manufacturers or farmers under subparts (16) and (22), respectively, of section 59–12–104 of the Code. Utah Code Ann. § 59–12–104(16), (22) (Supp. 1988) (amended 1989, 1991, and 1992).[1] Sanders argues, inter alia, that in ruling that its brine shrimp operation did not qualify as a manufacturer under subpart (16), the Commission relied upon an administrative rule that impermissibly narrowed the availability of the exemptions. We agree and reverse the order of the Commission, but we remand the case for a factual determination regarding Sanders' compliance with the remaining statutory requirements for the sales tax exemption.

Sanders harvests and processes brine shrimp cysts, or eggs, from the Great Salt

---

1. The sales tax exemption statute, section 59–12–104, has been amended several times in the past few years. The subparts cited in the text have been recodified as (15) and (21), respectively. *See* Utah Code Ann. § 59–12–104(15), (21) (1992). In this opinion, we refer to the subparts of this statute as they were codified at the end of the auditing period. The relevant subparts of the sales tax exemption statute have remained substantively the same throughout the life of this case.

Lake and sells them as a source of food for tropical fish and prawns. Purchasers hatch the cysts, raise the resulting brine shrimp, and use them as feed. During the audit period (July 1, 1985, to June 30, 1988), Sanders spent $319,260.97 on equipment and machinery to use in harvesting and processing the brine shrimp cysts. Relying on the sales tax exemptions for manufacturers and farmers found in subparts (16) and (22) of section 59–12–104, Sanders did not pay sales tax on these purchases. The equipment and machinery expanded Sanders' production capacity by 1500 percent.

Sanders' operation consists of two phases. First, the brine shrimp cysts are harvested from the Great Salt Lake. Second, the cysts are transported to Sanders' Riverdale facility, where they are processed. Until Sanders processes the brine shrimp cysts, they have little or no commercial value. The harvesting and processing phases are both necessary to Sanders' business, and the new equipment and machinery were purchased for use in both phases.

On March 27, 1989, the Commission's Auditing Division assessed a sales tax deficiency based on Sanders' failure to pay sales tax on the equipment and machinery purchased during the audit period. Sanders petitioned for redetermination.

The Commission held a formal hearing during which evidence was presented. The Commission issued its decision on June 7, 1990, finding that Sanders was neither a manufacturer nor a "farming operation" and therefore did not qualify for either of the claimed sales tax exemptions. The Commission found that Sanders was not a manufacturer because it could not satisfy the criteria set forth in rule R865–85S–1(A)(4). Utah Admin.Code R865–85S–1(A)(4) (1987–88) (recodified as amended Utah Admin.Code R865–19–85S(A)(4) (1992)).[2] Specifically, the Commission determined that Sanders did not satisfy rule R865–85S–1(A)(4)'s requirement that a "manufacturer ... produce[ ] a new, reconditioned, or remanufactured product, article, substance or commodity from raw, semi-finished, or used material." *Id.* R865–85S–1(A)(4)(b).

Sanders filed a request for reconsideration, which the Commission granted. At the Commission's reconsideration hearing, Sanders argued, inter alia, that rule R865–85S–1(A)(4) impermissibly narrowed the availability of the manufacturer's exemption in subpart (16) of section 59–12–104. By an order dated February 13, 1991, the Commission rejected Sanders' arguments and affirmed its previous order.

On appeal, the dispositive issue is whether the Commission applied a rule that improperly restricts the statutory definition of "manufacturer."[3] Utah Code Ann. § 59–12–104(16) (Supp.1988) (amended 1989, 1991, and 1992). Questions of statutory construction are matters of law, and we give no deference to an administrative agency's interpretation of a statute absent certain circumstances, none of which exist here. *Chris & Dick's Lumber & Hardware v. Tax Comm'n*, 791 P.2d 511, 513–14 (Utah 1990).

The relevant part of the sales tax exemption statute states:

The following sales and uses are exempt from the taxes imposed by this chapter:

. . . .

(16) *sales or leases of machinery and equipment purchased or leased by a manufacturer for use in new or*

---

2. The version of the relevant administrative rule in place at the end of the auditing period is substantially the same as the current version.

3. Other issues have been briefed and argued by the parties, including whether Sanders' harvesting of brine shrimp cysts constitutes a farming operation under subpart (22) of section 59–12–104. Because the subpart (16) issue is dispositive, we do not address the other issues.

*expanding operations* (excluding normal operating replacements, which includes replacement machinery and equipment even though they may increase plant production or capacity, as determined by the commission) *in any manufacturing facility in Utah.* Normal operating replacement shall include replacement machinery and equipment which increases plant production or capacity. *Manufacturing facility means an establishment described in SIC Codes 2000 to 3999* of the Standard Industrial Classification Manual 1972, of the federal Executive Office of the President, Office of Management and Budget. For purposes of this subsection, *the commission shall by rule define "new or expanding operations" and "establishment."* ...

Utah Code Ann. § 59–12–104(16) (Supp. 1988) (emphasis added) (amended 1989, 1991, and 1992).

Rule R865–85S–1(A)(4), which was apparently promulgated by the Commission to implement section 59–12–104(16), states:

"Manufacturer" means a person who:

(a) functions within the activities included in SIC code classification 2000–3999;

(b) produces a new, reconditioned, or remanufactured product, article, substance, or commodity from raw, semifinished, or used material; and

(c) in the normal course of business produces products for sale as tangible personal property.

Utah Admin.Code R865–85S–1(A)(4) (1987–88) (recodified as amended Utah Admin.Code R865–19–85S(A)(4) (1992)). Under this rule, one purchasing equipment for use in any "manufacturing facility" is entitled to the exemption provided in section 59–12–104(16) only if he or she meets the criteria for being a manufacturer set forth in subparts (a), (b), and (c) of the rule. While the requirement in subpart (a) mirrors the statute, i.e., the business must fall within SIC code descriptions, the requirements in subparts (b) and (c) have no statutory counterparts. Nothing in the statute requires the qualifying facility to produce "a new, reconditioned or remanufactured product, article, substance, or commodity" that is for sale "in the normal course of business ... as tangible personal property."

Thus, under the Commission's rule, one might operate a manufacturing facility as defined by the statute and not be a manufacturer as defined by the rule. We find no obvious source for the Commission's narrowing of the exemption's availability. Section 59–12–104(16) authorizes the Commission to define by rule the terms "new or expanding operation" and "establishment." However, it does not authorize the Commission to define the term "manufacturer," nor does it authorize the Commission to otherwise limit the availability of the exemption as it has done in subparts (b) and (c) of rule R865–85S–1(A)(4).

 It is a long-standing principle of administrative law that an agency's rules must be consistent with its governing statutes. *See, e.g., Merrill Bean Chevrolet, Inc. v. State Tax Comm'n,* 549 P.2d 443, 445 (Utah 1976); *Robert H. Hinckley, Inc. v. State Tax Comm'n,* 17 Utah 2d 70, 77, 404 P.2d 662, 668 (1965). Thus, a rule that is out of harmony with a governing statute is invalid. *See, e.g., Manhattan Gen. Equip. Co. v. Commissioner of Internal Revenue,* 297 U.S. 129, 134, 56 S.Ct. 397, 399, 80 L.Ed. 528 (1936).

For the foregoing reasons, we hold that the Commission's rule defining "manufacturer" is invalid because it improperly restricts the manufacturing sales tax exemption set forth in section 59–12–104(16). Therefore, we reverse the Commission's denial based on noncompliance with its definition of "manufacturer."

 Sanders argues that we should order the Commission to grant the exemption. However, the invalidity of the Com-

mission's rule defining "manufacturer" does not necessarily mean Sanders qualifies for the sales tax exemption. Sanders contends that the Commission's order implicitly found that Sanders met all the other criteria required by the rule and statute, specifically that it is in compliance with subpart (a) of the rule, which follows the statute and requires that the petitioner be "function[ing] within the activities included in SIC code classification 2000–3999." We disagree. The Commission made no express finding on whether Sanders complied with the first requirement, dealing with SIC code classifications. Its order suggests that it probably did not reach that issue because there was no reason to do so in light of Sanders' failure to meet the second factor, dealing with new or reconditioned products. We refuse to interpret the lack of a finding of noncompliance as the equivalent of an affirmative finding of compliance. Because the Commission did not resolve whether Sanders complied with the remaining statutory requirements of the sales tax exemption, we remand the case to the Commission for further proceedings.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.