**R.O.A. GENERAL, INC., dba Reagan Outdoor Advertising, a Utah corporation, Petitioner,**

v.

**UTAH DEPARTMENT OF TRANSPORTATION, DISTRICT THREE, Respondent.**

No. 960484.

Supreme Court of Utah.

July 7, 1998.

Rehearing Denied Sept. 9, 1998.

Douglas T. Hall, Alpine, for R.O.A. General, Inc.

Richard A. Rappaport, Leslie Van Frank, Salt Lake City, for Reagan Outdoor Advertising.

Jan Graham, Att'y Gen., Ralph L. Finlayson, Asst. Att'y Gen., for Salt Lake City, UDOT District Three.

## ON CERTIFICATION FROM THE UTAH COURT OF APPEALS *

DURHAM, Associate Chief Justice:

R.O.A. General, Inc. ("ROA"), appeals from a formal Utah Department of Transportation ("UDOT") order denying ROA's applications to relocate four outdoor advertising signs in Utah County. We vacate the UDOT order and remand this case for proceedings consistent with this opinion.

From 1981 until 1996, ROA maintained four outdoor advertising signs within 100 feet of the UDOT right-of-way on Interstate 15 between Springville and Spanish Fork, Utah, on property belonging to David L. Creer. After Creer decided not to renew ROA's lease, ROA removed its signs and petitioned UDOT for four R–407 permits allowing it to move the signs to adjacent property approximately 255 feet from the UDOT right-of-way. In an order signed by District Three Director Alan Mecham, UDOT denied all four applications on the ground that the relocation would place the signs outside the statutorily defined outdoor advertising corridor. ROA appealed that decision, and UDOT held a formal adjudicative hearing on July 16, 1996. After ROA appealed but before the formal hearing, ROA erected one of the signs in the new location without a permit.[1]

UDOT District Three Engineer Merrell Jolley presided over the July 16 hearing. At the hearing, ROA submitted a motion to disqualify Jolley on the grounds that (1) Jolley was not properly appointed as a hearing officer; (2) he had been a party to the original decision to deny the R–407 permits; and (3) he would be required to rule on the appropriateness of his supervisor's actions. Jolley declined to recuse himself.

At the hearing, ROA argued that the new locations were within the "outdoor advertising corridor" because the corridor extends beyond the 100–foot right-of-way whenever "a natural or created usage," including a "water course," runs parallel and contiguous to the highway. Utah Code Ann. § 27–12–136.3(19)(a)(ii) (1995). ROA claimed that because a five-foot-wide cement-lined irrigation ditch on the Creer property ran parallel and contiguous to Interstate 15 at the point where ROA wanted to erect its signs, the advertising corridor extended "100 feet from the edge of the [water course]." *Id.* Jolley disagreed and held that the intent of the statute, when read as a whole, indicates that the outdoor advertising corridor extends beyond the 100–foot right-of-way only when an obstruction renders the existing 100–foot strip unusable.

In this case, Jolley found that the 100–foot right-of-way was available for outdoor advertising. The irrigation ditch had not hindered ROA's use of the Creer property for outdoor advertising during the past fifteen years, nor had it deterred another applicant from applying for permits and erecting new signs on that property. The only reason ROA wanted to relocate the signs was that Creer no longer wanted to lease his property to ROA. Jolley therefore denied ROA's applications to relocate its signs because the relocation would place the signs outside the advertising corridor. Jolley also ordered the removal of the sign ROA had erected at the new location without a permit.

ROA sought a writ of review on August 23, 1996, arguing that Jolley erred in not recusing himself and in his interpretation of the statutory definition of an outdoor advertising corridor. On November 7, 1996, pursuant to

---

* See Utah R.App. P. 43

1. ROA's installation of that sign without a permit is the subject of another appeal pending before this court.

rule 43 of the Utah Rules of Appellate Procedure, the court of appeals certified the case to this court for decision.

■ ROA alleges that it was denied due process by UDOT's failure to adequately separate adjudicatory and investigative functions within the agency, resulting in a biased hearing officer. *See V–1 Oil Co. v. Department of Envtl. Quality*, 939 P.2d 1192, 1196–1202 (Utah 1997) (discussing separation of adjudicatory and investigative functions within an agency). ROA further alleges that UDOT violated its own rules in the appointment of Jolley as hearing officer. We do not reach ROA's constitutional arguments because we can resolve this case on statutory grounds. *See Hoyle v. Monson*, 606 P.2d 240, 242 (Utah 1980) (constitutional questions are not to be addressed where courts can determine the merits on other grounds). We hold that UDOT failed to follow its own rules regarding the hearing officer's appointment, and thus the agency's action is both "contrary to a rule of the agency" and "arbitrary and capricious." Utah Code Ann. § 63–46b–16(4)(h)(ii) & (iv) (1997).

Section 63–46b–2(1)(h)(i) defines presiding officer as "an agency head, or an individual or body of individuals designated by the agency head, by the agency's rules, or by statute to conduct an adjudicative proceeding." *Id.* § 63–46b–2(1)(h)(i). UDOT has adopted a rule providing that the director of UDOT or his designee act as the presiding officer in adjudicative proceedings. *See* Utah Admin. Code R907–1–2(E) & (I) (1995). UDOT District Three Director Mecham appointed Jolley as the presiding officer at the July 16, 1996, hearing. Contrary to UDOT's rule, Jolley was neither the Director of UDOT nor the director's designee.

UDOT argues that its rule designating a presiding officer, which is prefaced by the statutory language indicating that any agency head may act as a presiding officer, implies that Mecham, as head of District Three, could have acted as the hearing officer and

therefore Jolley, as Mecham's appointee, was properly designated to serve. UDOT's interpretation ignores the later statement in the rule that "[f]or the purpose of these rules, the Director [of UDOT] shall be considered the Presiding Officer of initial informal adjudicative proceedings as well as all formal adjudicative proceedings." Utah Admin. Code R907–1–2(I).

■ We will uphold an agency's interpretation of its own rules so long as that interpretation is "reasonable and rational." *Thorup Bros. Constr. Inc. v. Auditing Div.*, 860 P.2d 324, 327 (Utah 1993) (citing *Union Pacific R.R. v. Auditing Div.*, 842 P.2d 876, 879 (Utah 1992)). However, in this case we find that UDOT's interpretation of its rule is unreasonable. It ignores specific language naming UDOT's Director as the presiding officer over formal adjudicative proceedings. "[A]dministrative regulations are presumed to be reasonable and valid and cannot be ignored or followed by the agency to suit its own purposes. Such is the essence of arbitrary and capricious action." *State ex rel. Dep't of Community Affairs v. Utah Merit Sys. Council*, 614 P.2d 1259, 1263 (Utah 1980). By ignoring its own rules, UDOT acted arbitrarily and capriciously. Therefore, we remand this case for a hearing before a properly appointed hearing officer.[2]

When we remand a case for new proceedings, we may also rule on all determinative questions of law which arise in an appeal that are necessary for a final determination of the case. *See* Utah R.App. P. 30. Thus, although the above holding disposes of this case, we will also address ROA's argument that the hearing officer misinterpreted the definition of "outdoor advertising corridor." ROA asserts that the hearing officer misinterpreted the statutory definition of "outside advertising corridor" by concluding that the alternative, broader definition only applied under circumstances in which the 100–foot–wide outdoor advertising corridor is rendered unusable by some obstruction. *See* Utah Code Ann. § 27–12–136.3(19). The hearing

---

**2.** If, as UDOT claims, requiring UDOT's director to preside over, or designate an alternative in, all hearings is too cumbersome and impractical, the agency is free to adopt different rules regarding the appointment of hearing officers if fairness is not compromised. *See* Utah Code Ann. § 63–46b–2(1)(h)(ii).

officer's interpretation of the outdoor advertising corridor was pivotal in this case because all outdoor advertising must be maintained within the corridor. *See id.* § 27–12–136.5. Without application of the broader definition, ROA could not place its signs in the desired location.

Section 27–12–136.3(19) is silent as to whether the broader definition applies only when the 100–foot corridor is obstructed and rendered unusable. That section states:

> (19)(a) "Outdoor advertising corridor" means:
>
>> (i) a strip of land 100 feet wide, measured perpendicular from the edge of a controlled highway right-of-way; or
>>
>> (ii) where there is a natural or created usage consisting of a frontage road, city street, county road, controlled or not controlled service road, railroad track, utility easement, or water course running parallel or approximately parallel and contiguous to the controlled highway, the width of the corridor shall extend further to a line 100 feet from the edge of the usage.

*Id.* § 27–12–136.3(19)(a)(i) & (ii). The hearing officer held that the alternative definition of outdoor advertising corridor contained in subsection (19)(a)(ii) applied only when the "natural or created usage" prevented an applicant from using the 100–foot corridor designated as the outdoor advertising corridor in subsection (19)(a)(i). ROA argued that the extension of the 100–foot corridor applied here because a cement-lined irrigation ditch ran parallel and contiguous to the highway at the point where ROA wanted to erect its signs. ROA assumed that the alternative definition applied regardless of whether the ditch hindered sign placement within 100 feet of the right-of-way. The ditch obviously had not obstructed ROA's use of the 100–foot corridor for outdoor advertising during the past fifteen years, nor had the ditch hindered a new applicant from erecting signs in that same location. As indicated above, the statutory definition is silent as to whether the usage in question must actually prevent the exploitation of the area within 100 feet of the right-of-way.

■ We ordinarily review UDOT's interpretation of a statute for correctness. *See Morton Int'l, Inc. v. Auditing Div.,* 814 P.2d 581, 589 (Utah 1991). "However, in the absence of a discernible legislative intent concerning the specific question in issue, a choice among permissible interpretations of a statute is largely a policy determination. The agency that has been granted authority to administer the statute is the appropriate body to make such a determination." *Id.* (citing *Salt Lake City Corp. v. Confer,* 674 P.2d 632, 636 (Utah 1983); *Utah Dep't of Admin. Serv. v. Public Serv. Comm'n,* 658 P.2d 601, 611 (Utah 1983)). Because UDOT has regulatory authority over the implementation of the Outdoor Advertising Act and there is no discernable legislative intent regarding the applicability of the alternative definition of the outdoor advertising corridor, we will defer to UDOT's interpretation of the statute and uphold it so long as it is reasonable. *See* Utah Code Ann. § 27–12–136.6; *Morton Int'l, Inc.,* 814 P.2d at 588–89.

■ We conclude that the hearing officer's interpretation of the definition is reasonable. It makes sense to extend the outdoor advertising corridor only in situations where the narrower 100–foot corridor is obstructed. That interpretation is also consistent with the purpose of the act which is "to preserve the natural scenic beauty of the lands bordering on highways." Utah Code Ann. § 27–12–136.2 (Supp.1997).

For the reasons stated above, we vacate UDOT's order and remand this case for proceedings consistent with this opinion. ROA is entitled to a new hearing before a properly designated hearing officer. Such a hearing may not produce a different result, however, given our deference to UDOT's construction of the legitimate scope of the outdoor advertising corridor.

HOWE,C.J., and ZIMMERMAN and RUSSON, JJ., concur in Associate Justice DURHAM's opinion.

STEWART, J., dissents.