2009 UT App 303

Julie Ann OLSON, Plaintiff and Appellee,

v.

UTAH DEPARTMENT OF HEALTH, Defendant and Appellant.

No. 20080937–CA.

Court of Appeals of Utah.

Oct. 22, 2009.

Mark L. Shurtleff and Peggy E. Stone, Salt Lake City, for Appellant.

Nan T. Bassett, Salt Lake City, for Appellee.

Before Judges GREENWOOD, THORNE, and McHUGH.

## OPINION

THORNE, Judge:

¶1 Utah Department of Health (the Department) seeks interlocutory review of the district court's order denying its motion for summary judgment. We reverse and remand.

## BACKGROUND

¶2 The Department employed Julie Ann Olson as the Director of the Bureau of Managed Health Care. In a letter dated July 19, 2006, the Department informed Olson of a proposed disciplinary action in the form of a demotion. On August 1, Olson submitted a reply to the proposed disciplinary action and was granted a hearing before Dr. Richard Melton, deputy director of the Department, regarding the proposed demotion. On September 25, Dr. David Sundwall, the Department's executive director, issued a final decision approving of the discipline and instituting a demotion. Olson was reassigned to a research assistant position with a one step reduction in pay, which amounted to an eighty cent per hour pay reduction.

¶3 In October, Olson filed a request for agency action before the Career Service Review Board (the CSRB), challenging her demotion. The CSRB scheduled an evidentiary hearing on the grievance for May 22 and 23, 2007. On May 16, 2007, the Department sent a letter purporting to rescind the demotion, stating,

[T]he Department has concluded that it is in the best interest of all parties concerned to rescind your demotion and to reinstate your salary from a step 66–$29.12 per hour to a step 67–$29.92 per hour retroactive back to September 27, 2006, the effective date of the prior demotion. This will include the retroactive reinstatement of all retirement benefits based upon the higher salary....

Payment of the back wages will be reflected in your pay check for the pay period ending June 1, 2007. You will remain in your current position as a Research Consultant III.

That same day, the Department filed a motion to dismiss asserting that the CSRB had no jurisdiction. The Department asserted that with the reinstatement of Olson's salary, the Department's action was simply an administration transfer and no longer constituted a demotion as provided in Utah Code section 67–19–3(7). *See* Utah Code Ann. § 67–19–3(7) (2008).

¶ 4 The CSRB Administrator held an administrative review of the file and concluded,

> [Olson] has not been demoted as that term is defined by law. In the instant case, an administrative review of the file establishes that while [Olson] has in fact been placed in a position having a lower maximum salary range, this placement ultimately has not resulted in a reduction in her "current actual wage." ... This conclusion is necessitated by the Department's retroactive restoration of [Olson's] salary and corresponding benefits. Absent a reduction in [Olson's] current actual wage, there is simply no demotion under a plain reading of State law.

(Emphasis omitted.) Thereafter, the CSRB Administrator dismissed with prejudice Olson's appeal before the CSRB for lack of jurisdiction.

¶ 5 Olson appealed the CSRB decision to the district court. The Department filed a motion for summary judgment arguing that the CSRB correctly determined that it did not have jurisdiction over the grievance. The district court held a hearing on the Department's motion for summary judgment and concluded,

> In the instant [case], it is undisputed Ms. Olson was transferred as part of the "disciplinary action of demotion." While it is true that, eventually, Ms. Olson had her wage together with all back wages restored to her, her reassignment was, nonetheless, part of the disciplinary action. Indeed, unlike *Draughon v. Department of [Financial Institutions]*, 1999 UT App 42, ¶ 2[, 975 P.2d 935] ..., where [the a]ppellant was told the involuntary reassignment was made "to better utilize his skills," Ms. Olson was specifically told that she was transferred as part of the disciplinary action of demotion. This said, the statute specifically states that a *"Demotion" does not mean "a nondisciplinary movement* of an employee to another position without a reduction in the current actual wage." The Court must presume the legislature used each word advisedly and since the word "nondisciplinary" is utilized, there is a question of fact as to whether the CSRB

properly applied the statute in this case where the movement was disciplinary.

The district court denied the Department's summary judgment motion, and this interlocutory appeal followed.

## ISSUE AND STANDARD OF REVIEW

■■■ ¶ 6 The Department argues that the district court erred by denying its motion for summary judgment based on an incorrect interpretation of the term "demotion" as provided in Utah Code section 67–19–3(7), *see* Utah Code Ann. § 67–19–3(7), so as to include within the definition a reassignment that did not result in a reduction of an employee's current actual wage if the reassignment was a disciplinary transfer. "A motion for summary judgment should be granted only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Barenbrugge v. State*, 2007 UT App 263, ¶ 7, 167 P.3d 549 (internal quotation marks omitted), *cert. denied*, 186 P.3d 347 (Utah 2007). "A trial court's summary judgment decision and its interpretation of a statute are questions of law that this court reviews for correctness." *Id.*

## ANALYSIS

¶ 7 The Department argues that the district court erred when it concluded that the CSRB had jurisdiction over Olson's grievance. The Department asserts that the district court misinterpreted the grievance statute's definition of the term "demotion," *see* Utah Code Ann. § 67–19–3(7) (2008), to include disciplinary transfers without a reduction in current actual wages.

■■■ ¶ 8 The CSRB was established to provide state civil service employees with a tribunal for appealing personnel decisions outside of the agency for which they work. *See Lopez v. Career Serv. Review Bd.*, 834 P.2d 568, 572 (Utah Ct.App.1992). The CSRB does not, however, have jurisdiction to hear appeals of all personnel matters. *See* Utah Code Ann. § 67–19a–202(1) (2008). The jurisdiction of the CSRB is described in Utah Code section 67–19a–202, which gov-

erns review of career service employees' grievances and specifically provides,

> (1) (a) The Board[1] shall serve as the final administrative body to review appeals from career service employees and agencies of decisions about promotions, dismissals, *demotions*, suspensions, written reprimands, wages, salary, violations of personnel rules, issues concerning the equitable administration of benefits, reductions in force, . . . .
>
> (b) The Board has no jurisdiction to review or decide any other personnel matters.

*Id.* (emphasis added). Demotion is statutorily defined to mean "a disciplinary action resulting in a reduction of an employee's current actual wage." *Id.* § 67–19–3(7)(a). In addition to explicitly defining demotion, the statute provides a negative definition of the term stating that " '[d]emotion' does not mean . . . a nondisciplinary movement of an employee to another position without a reduction in the current actual wage." *Id.* § 67–19–3(7)(b)(i).

¶ 9 At the time Olson filed her request for agency action, the CSRB's review involved an appeal from the Department's decision approving of discipline and instituting a demotion wherein Olson was reassigned to a research assistant position with a one step reduction in pay. Clearly, the CSRB had jurisdiction over the grievance at that point because the disciplinary action resulted in a reduction in Olson's current actual pay. However, once the Department retroactively restored Olson's pay and corresponding benefits, her grievance no longer fit so neatly under the statutory definition of demotion because the disciplinary action no longer resulted in a reduction of current actual wage. To resolve this change, the district court considered the statute's negative definition of demotion and concluded that

> the statute specifically states that a *"Demotion" does not mean "a nondiscipli-*

*nary movement* of an employee to another position without a reduction in the current actual wage." The Court must presume the legislature used each word advisedly and since the word "Nondisciplinary" is utilized, there is a question of fact as to whether the CSRB properly applied the statute in this case where the movement was disciplinary.

The district court's interpretation of a statute is a question of law that this court reviews for correctness. *See Barenbrugge v. State,* 2007 UT App 263, ¶ 7, 167 P.3d 549. "When interpreting a statute, we seek to give effect to the purpose and intent of the legislature. To that end, we begin by examining the statute's plain language. . . . [W]e consider the literal meaning of each term and avoid interpretations that will render portions of a statute superfluous or inoperative." *Hoyer v. State,* 2009 UT 38, ¶ 22, 212 P.3d 547 (citations and internal quotation marks omitted).

¶ 10 In looking at the plain language of the statute, we note that the term demotion was not defined by statute until it was amended in 2006. Prior to 2006, case law examining the scope of the CSRB's authority, *see Draughon v. Department of Fin. Insts.,* 1999 UT App 42, 975 P.2d 935, defined the term demotion based on the plain language of the statute. *See id.* ¶ 9; *Envirocare of Utah, Inc. v. Utah State Tax Comm'n,* 2009 UT 1, ¶ 5, 201 P.3d 982 ("When a term is not defined by statute, we look to its common usage to define it."). The court in *Draughon v. Department of Financial Institutions,* 1999 UT App 42, 975 P.2d 935, looked to the common usage of the term and determined that demotion, as defined by Webster's Dictionary, meant " '1: to reduce to a lower grade or rank 2: to relegate to a less important position,' " *see id.* ¶ 9 (quoting *Webster's Ninth New Collegiate Dictionary* 338 (1986)).[2] The *Draughon* court applied the common usage definition of demotion to the grievance stat-

---

1. Utah Code section 67–19a–101 defines the term "Board" to mean "the Career Service Review Board created by this chapter." Utah Code Ann. § 67–19a–101(2) (2008).

2. The issue in *Draughon v. Department of Financial Institutions,* 1999 UT App 42, 975 P.2d 935, was whether the rules promulgated by human resources that distinguish between a demotion and an involuntary reassignment without an immediate loss of pay were in harmony with the grievance statute. *See id.* ¶ 5.

ute and determined that the definition supported a broader definition of demotion than provided by agency rules. The *Draughon* court concluded that "human resources' rules distinguishing between a 'demotion' and an 'involuntary reassignment,' solely on the basis of an immediate loss of pay, are invalid because this illusory distinction contravenes the Legislature's intent to afford a career service employee the opportunity to fully grieve a demotion." *Id.* ¶ 11.

¶ 11 In 2006, the Utah Legislature amended Utah Code section 67–19–3 and included a definition of the term "demotion." The legislature declined to give the term "demotion" the expansive definition used in *Draughon,* and instead defined the term in a more limited fashion. The legislature chose to explicitly exclude involuntary reassignment from the definition of demotion. *See* Utah Code Ann. § 67–19–3(7)(b) (2008) (clarifying that demotion "does not mean ... a nondisciplinary movement of an employee to another position without a reduction in the current actual wage").

¶ 12 Although the legislature's negative definition of demotion, as found in subsection (b), does not explicitly exclude *disciplinary* reassignment of an employee without a reduction in current actual wage, the legislature clearly states, in subsection (a), that to be deemed a demotion for purpose of CSRB review a disciplinary action must "result[ ] in a reduction of an employee's current actual wage." *Id.* § 67–19–3(7)(a). The definitions in section 67–19–3(7)(a) and section 67–19–3(7)(b), combined with the limited jurisdiction granted to the CSRB by the legislature in section 67–19a–202, clearly reveals the legislature's intent to move away from the *Draughon* court's definition of demotion and afford career service employees the opportunity to seek CSRB review of a reassignment only if it results in a reduction in current actual pay. *See id.* §§ 67–19a–202(1), 67–19–3(7)(a)–(b).

¶ 13 "It is axiomatic that a party wishing to bring a matter before a tribunal with limited subject matter jurisdiction must present sufficient facts to invoke the limited jurisdiction of that tribunal." *Lopez v. Career Serv. Review Bd.,* 834 P.2d 568, 573 (Utah Ct.App.1992). The facts of Olson's grievance, which include a disciplinary reassignment to a research assistant position without a reduction in pay, are not sufficient to invoke the jurisdiction of the CSRB. Therefore, we reverse the district court's summary judgment order.

## CONCLUSION

¶ 14 The statute clearly limits the CSRB's jurisdiction to specifically identified issues, *see* Utah Code Ann. § 67–19a–202(1) (2008), and provides that the CSRB may only review a disciplinary action that results in a reduction of an employee's current actual wage, *see id.* § 67–19–3(7)(a). As a result, once the Department retroactively restored Olson's pay and corresponding benefits, her grievance no longer fit under the statutory definition of demotion. *See id.*

¶ 15 On this basis, we conclude that the district court erred by interpreting the negative definition of demotion. Accordingly, we reverse and remand this case for further proceedings consistent with this opinion.

¶ 16 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and CAROLYN B. McHUGH, Judge.