The STATE of Utah, Plaintiff and Respondent,

v.

Grant COOK, Defendant and Appellant.

No. 20436.

Supreme Court of Utah.

Jan. 16, 1986.

F. Grant Cook, pro se.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of criminal mischief for intentionally damaging the property of others, a class A misdemeanor. Engaged in various domestic disputes arising out of his marriage and divorce, defendant damaged his son's automobile and other property by pushing the parked vehicle with a front end loader tractor. Defendant was originally charged with criminal mischief as a third degree felony under U.C.A., 1953, § 76–6–106(1)(c), (2)(c) (1978 ed.). However, in a nonjury trial, the State did not prove that the value of the damaged property exceeded $1,000. Defendant was convicted by the trial court of the class A misdemeanor under subsection (2)(c) of section 76–6–106.

■ The State claims that defendant's *pro se* brief fails to properly raise any appealable issue. It is true that defendant's complaints are unsupported by legal authority, proper argument, or pertinent references to the record on appeal. Defendant complains about his son, former spouse, counsel, and the court below, referring to matters that are not part of the record in the trial court and are entirely inappropriate and irrelevant to this proceeding. We do not consider such material. *State v. Wulffenstein*, Utah, 657 P.2d 289 (1983), *cert. denied*, 460 U.S. 1044, 103 S.Ct. 1443, 75 L.Ed.2d 799 (1983); *State v. Bingham*, Utah, 684 P.2d 43, 46 (1984). Derogatory references to others or inappropriate language of any kind has no place in an appellate brief and is of no assistance to this Court in attempting to resolve any legitimate issues presented on appeal. Utah R.App.P. 24(k); *see Myers v.*

*Cessna Aircraft Corp.*, 275 Or. 501, 553 P.2d 355, 369 n. 9 (1976).

■ Although his argument is totally improper, defendant does claim that he was improperly denied a jury trial. Ordinarily, we do not consider allegations of error that the appellant has not supported by the record or relevant legal authority. *State v. Williamson*, Utah, 674 P.2d 132 (1983). But, even in the absence of proper objection, we may review error in the interests of justice to protect a valuable constitutional right. *State v. Schad*, 24 Utah 2d 255, 470 P.2d 246 (1970); *State v. Smith*, 16 Utah 2d 374, 401 P.2d 445 (1965).

■ Charged with a felony, defendant was entitled to a jury trial under U.C.A., 1953, § 77–35–17(c), (d), as amended (1982 ed.):

> (c) All felony cases shall be tried by jury unless the defendant waives a jury in open court with the approval of the court and the consent of the prosecution.
>
> (d) All other cases shall be tried without a jury unless the defendant makes written demand at least ten days prior to trial, or the court orders otherwise. No jury shall be allowed in the trial of an infraction.

There is nothing in the record before this Court to show that defendant's statutory right was properly waived by defendant. It does appear from the record that at arraignment the case was originally set for a jury trial. But in a later pretrial hearing, at which defendant was not present, the prosecutor requested and was given a nonjury trial setting after defendant's attorney was permitted to withdraw as defense counsel. This unexplained vacation of the jury trial setting is unjustifiable in view of the statute's express language. Defendant was not able to retain other counsel until a few days before the trial. In any event, no waiver of a jury was ever made by defendant in open court or on the record. Such waiver will not be presumed from a silent record.

A criminal defendant's right to a jury trial is substantial and valuable and should

be carefully safeguarded by our courts. Utah Const. art. I, § 12; *Duncan v. Louisiana*, 391 U.S. 145, 157–58, 88 S.Ct. 1444, 1451–52, 20 L.Ed.2d 491 (1968); *see also State v. Studham*, Utah, 655 P.2d 669 (1982). It is of no saving consequence that the prosecution was unable to prove the felony, resulting in defendant's conviction of only the misdemeanor. Had defendant been tried before a jury, the prosecution's failure to prove the offense charged might have resulted in an acquittal.

Defendant's conviction is reversed for failure to provide defendant a jury trial on the felony charge.