LAYTON CITY, Plaintiff and Appellee,

v.

Daniel LONGCRIER, Defendant and Appellant.

No. 960499–CA.

Court of Appeals of Utah.

Aug. 7, 1997.

Michael A. Jensen, Salt Lake City, for Defendant and Appellant.

Kristina M. Neal and Gary R. Crane, Layton City Attorney, Layton, for Plaintiff and Appellee.

Before BILLINGS, JACKSON and ORME, JJ.

BILLINGS, Judge:

Defendant Daniel Longcrier appeals his conviction of simple assault in violation of Utah Code Ann. § 76–5–102 (1995), a class B misdemeanor, which carries a maximum penalty of six months imprisonment. Defendant claims on appeal that the trial court erred in

not determining whether he had a right to appointed counsel and in denying his motion for a continuance to obtain counsel. We affirm.

## FACTS

Defendant was charged with simple assault, which carries a maximum penalty of six months imprisonment, for abusing the mother of his child. Defendant appeared at his arraignment without counsel and entered a plea of not guilty. At his pretrial conference and bench trial defendant again appeared without counsel. Before trial began, the trial court asked defendant if he was ready to proceed. Defendant replied, "I need an attorney. They said that when I called that I could ask for one." Without making any inquiry, the trial court denied defendant's request for an attorney, treating it as a motion for a continuance. Defendant's trial proceeded; he mounted little defense and was found guilty as charged. Layton City recommended that defendant be sentenced to jail and receive counseling for anger management.

On the day of sentencing, defendant's attorney filed a notice of appearance of counsel and a motion for arrest of judgment or for a new trial on the ground that defendant's right to counsel had been denied. The court subsequently held an evidentiary hearing on defendant's motion in order to determine what knowledge defendant had about his right to counsel before his trial date.

At the evidentiary hearing, defendant testified that he asked the prosecutor after the pretrial conference held on October 19, 1995, if he could obtain an attorney. Defendant stated the prosecutor told him the judge would decide whether he would get an attorney and defendant would have to go to court and ask the judge for an attorney. Defendant testified that sometime after the pretrial conference and before his trial on February 21, 1996, he called the courthouse and asked the court clerk how he could get a court-appointed attorney. According to defendant's testimony, the clerk told defendant that he should ask the judge for an attorney on the day of trial and he would then have an

attorney appointed for him. Defendant stated he did not attempt to obtain court-appointed counsel before trial because he did not know how to contact the judge and because he believed he would receive counsel at the time of trial.

Layton City did not present evidence at the hearing or challenge defendant's testimony. Rather Layton City recommended defendant receive no jail time, arguing that if defendant were not imprisoned, he would have no constitutional right to counsel. Layton City claimed the question of defendant's knowledge regarding his right to counsel would therefore be moot.

After taking the matter under advisement, the court denied both defendant's motion to vacate judgment and his motion for a new trial. The court sentenced defendant to ninety days in jail and fined him $800, but suspended the jail time and $200 of the fine. Defendant appeals, claiming he was denied his constitutional right to counsel and the trial court abused its discretion in not continuing his trial so that he could obtain counsel.

## ANALYSIS

Defendant claims the trial court erred in refusing to appoint counsel for him without asking defendant about his desire for counsel and without determining whether defendant qualified for counsel as an indigent. Defendant claims he had a fundamental right to be represented by counsel at his misdemeanor bench trial, either by appointed counsel, if he were found to be indigent, or by private counsel.

### I. Right to Court–Appointed Counsel

The Sixth Amendment guarantees that every criminal defendant "shall enjoy the right to ... have the Assistance of counsel for his defense." U.S. Const. amend. VI. The United States Supreme Court has interpreted this right to require states to appoint counsel to indigent defendants who are un-

able to afford counsel.[1] *See, e.g., Gideon v. Wainwright,* 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963). However, the right to appointed counsel is not absolute. *See, e.g., United States v. Eckford,* 910 F.2d 216, 218 (5th Cir.1990) ("[T]he sixth amendment does not ensure an unlimited right to counsel in all criminal cases."). When a defendant is charged with a misdemeanor crime, counsel is not necessarily guaranteed. In *Scott v. Illinois,* the Court held that "actual imprisonment is a penalty different in kind from fines or *the mere threat of imprisonment ... and warrants adoption of actual imprisonment* as the line defining the constitutional right to appointment of counsel." 440 U.S. 367, 373, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979) (emphases added). Thus, *Scott* establishes an after-the-fact test that requires a reviewing court to find an uncounselled misdemeanor conviction constitutional when the defendant was not sentenced to jail. *See id.*

■ In this case, defendant was sentenced to prison, but the sentence was suspended and defendant was required only to pay a fine of $600.00. Thus, under the *Scott* analysis, defendant's conviction does not violate his Sixth Amendment right to appointed counsel because he was not actually imprisoned.[2]

## II. Right to Retained Counsel

■ Defendant asserts that even if he were not entitled to appointed counsel, he had a fundamental right to retain his own private counsel.[3] Layton City counters that limitations on the right to counsel apply equally to appointed and retained counsel.

Defendant has not cited nor have we been able to find any case in which a court has determined that the right to retained counsel is broader than the right to appointed coun-

sel. Furthermore, although the United States Supreme Court has not expressly determined whether the right to appointed counsel and the right to retained counsel are coextensive, we read the reasoning of the Court's cases on the right to counsel as supporting Layton City's position. *See, e.g., Johnson v. Zerbst,* 304 U.S. 458, 462, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461 (1938).

■ As described in *Johnson v. Zerbst,* "[t]he [Sixth] Amendment's objective is to guarantee a fair trial, and whether counsel comes from one source or another is irrelevant to that goal." Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 11.1, at 7 (1984). Furthermore, the Court in *Gideon v. Wainwright* stressed that the right to counsel acts to ensure that rich and poor defendants receive equal treatment under the law:

> From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which *every defendant stands equal before the law.* This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him.

372 U.S. 335, 344, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963) (emphasis added). This ideal could not be achieved if the rich defendant were guaranteed a constitutional right to retained counsel while the poor defendant were denied the constitutional right to appointed counsel in misdemeanor cases.

We agree with scholars LaFave and Israel that Supreme Court case law suggests the right to retained counsel is no broader than the right to appointed counsel:

> Both *Johnson* and *Gideon* viewed the Sixth Amendment as including counsel's assistance among the prerequisites for a

---

1. For purposes of our analysis on this issue we assume that case law on appointed counsel does not apply to retained counsel.

2. Because defendant had no Sixth Amendment right to counsel, we need not decide whether the court erred in failing to determine whether defendant qualified for court-appointed counsel as an indigent or in failing to determine whether defendant waived his right to appointed counsel.

3. We note that defendant was not denied the right to have the assistance of counsel. Defendant did not appear at trial with counsel. Rather he argues that his right to counsel was denied because the court would not grant him a continuance to obtain counsel.

constitutionally acceptable criminal trial and thereby imposing on the trial court an obligation to ensure such assistance is available to the accused even though indigent. Under their view of its purpose, the Amendment arguably should have the same reach without regard to whether a defendant is seeking to utilize privately retained counsel or requesting the assistance of appointed counsel.... *Thus, a decision holding that the Sixth Amendment does not require appointment of counsel for a misdemeanor defendant sentenced only to a fine would also mean that the Sixth Amendment right to appointed counsel does not guarantee such a defendant the right to utilize retained counsel.* LaFave & Israel, *supra*, § 11.1, at 7 (emphasis added) (footnotes omitted).

Defendant's claim that he had a constitutional right to a continuance to retain private counsel for his misdemeanor trial is not supported by the law.[4]

### III.  Denial of Motion for Continuance

■ Finally, defendant claims the trial court erred in denying his motion for a continuance to obtain counsel. The decision to grant or deny a continuance is within the trial court's discretion, and we do not reverse the trial court's decision absent a clear abuse of that discretion. *See State v. Cabututan*, 861 P.2d 408, 413 (Utah 1993); *State v. Williams*, 712 P.2d 220, 222 (Utah 1985). A party claiming denial of a continuance was an abuse of discretion must show the trial court's decision was "an unreasonable action," *Hill v. Dickerson*, 839 P.2d 309, 311 (Utah.Ct.App.1992), that prejudiced the party. *See Godfrey v. Godfrey*, 854 P.2d 585, 587 (Utah.Ct.App.1993) (holding trial court acted reasonably and party was not prejudiced by denial of continuance requested because party was ill).

The parties cite *United States v. Burton*, 584 F.2d 485 (D.C.Cir.1978), for the factors

relevant to determining whether a trial court abused its discretion in denying a continuance requested in order to obtain counsel. In *Burton*, one of the defendant's two counsel appointed for his felony trial withdrew on the date originally set for trial, and on that same day the defendant moved for a continuance in order to obtain replacement counsel. *See id.* at 488. The issue in *Burton* was whether the trial court's decision to deny the motion violated the defendant's right to counsel of choice and, hence, his Sixth Amendment right to counsel. *See id.* While *Burton* is not directly on point since the defendant clearly had a constitutional right to counsel, it does provide a helpful framework for determining whether denying a continuance requested to obtain counsel was reasonable.

■ The factors stated in *Burton* that apply to the case at bar include:

■ whether other continuances have been requested and granted; [2] the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; [3] whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; [4] whether the defendant contributed to the circumstance which gives rise to the request for a continuance; ... [and 5] whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature.

*Id.* at 490–91 (footnotes omitted).

■ Defendant did not request any prior continuances, so the first factor weighs in defendant's favor. Although Layton City claims witnesses and the trial court would have been inconvenienced if the trial had been delayed, there is little evidence to support this claim. The record does not show Layton City's witnesses would be inconvenienced if the continuance were granted.

---

4. Because we find defendant had no right to either appointed or retained counsel, we accordingly find no merit in defendant's claim that the trial court erred in denying his motion for a new trial. Defendant asserts the trial court should have granted him a new trial because it was error to force him to represent himself without inquiring into his desire to represent himself or his competence. In the absence of a constitutional right to counsel, the trial court had no duty to inquire into defendant's competence or his desire to represent himself. The trial court therefore did not err in refusing to grant defendant a new trial.

Further, merely having to reschedule a thirty-minute trial is not a great inconvenience for a trial court. On balance, the second factor weighs in defendant's favor.

The trial court appeared to rest its denial on the third *Burton* factor, whether the requested continuance was legitimate or merely contrived for purposes of delay. In its memorandum decision denying defendant's motion, the trial court implies it found defendant's request was contrived in order to delay the proceeding.[5] The only evidence in the record supporting this conclusion is the court's finding that defendant received three notices regarding his case which included a signature line "ATTORNEY FOR DEFENDANT," and that defendant signed two of the notices within inches of the "ATTORNEY FOR DEFENDANT" line. According to Layton City, the signature lines should have alerted defendant that he could obtain counsel if he wished and that he should have asked the judge if he had any questions about counsel. While this evidence may suggest, as Layton City claims, that defendant knew he had a right to counsel and that he therefore made his request at the final hour merely to delay the proceedings, defendant's testimony suggests otherwise. Defendant testified that he was told, both by the prosecuting attorney and the court clerk, that he had to go to court to ask for an attorney. This testimony was unchallenged. The trial court did not make any findings regarding defendant's credibility. Given that defendant had no prior experience in court, it is certainly plausible that defendant was confused about whether he qualified for a court-appointed attorney and believed he could ask for one at trial. At best the third factor is neutral.

The fourth *Burton* factor weighs in defendant's favor because there is no evidence defendant contributed to the need to request a continuance. Rather, the record before us supports the conclusion that defendant did not understand how to find out if he qualified for a court-appointed attorney and, furthermore, that he understood from the court clerk and the prosecutor that he must ask for an attorney at trial. Thus, under the first four *Burton* factors, we conclude the trial court's refusal to grant defendant's request for a continuance was unreasonable.

■■■■■ The final relevant *Burton* factor—whether denying the continuance results in an "identifiable, material prejudice"—is less clear from the record. An error that does not implicate a constitutional right is " 'prejudicial in the sense that there is a reasonable likelihood that in its absence there would have been a more favorable result for the defendant.' " *State v. Young*, 853 P.2d 327, 361 (Utah 1993) (quoting *State v. Johnson*, 771 P.2d 1071, 1073 (Utah 1989)). The party alleging that denial of a continuance was an abuse of discretion bears the burden of showing the denial was prejudicial. *See State v. Oliver*, 820 P.2d 474, 476 (Utah. Ct.App.1991).

Essentially, defendant claims that the fact that he was tried without counsel prejudiced him. Specifically, defendant first claims that if he had been represented by counsel, he would have been able to request a jury trial. However, defendant does not show or even claim that there is a reasonable probability the result would have been more favorable if he had received a jury trial rather than a bench trial. To conclude that defendant would have received a more favorable result if he had been tried by a jury would be pure speculation.

Defendant next suggests that if he had been represented by counsel, he would have called the investigating officer who would have been able to testify that he did not observe any signs of physical injury on the victim when he investigated the crime. Defendant does not show how failing to call this witness prejudiced him.

---

5. In its memorandum decision the trial court first stated that it "considered [defendant's] request untimely." The court then cites to *State v. Penderville*, 2 Utah 2d 281, 272 P.2d 195 (Utah 1954), stating that "its observations about a continuance are pertinent.... 'An accused may not, however, having once elected to proceed with the aid of counsel for purposes of delay or to obstruct the proceeding against him advance successfully an insincere claim of his right to defend in person.'.... The [*Penderville*] Court's comments about delay are on point for this case."

Additionally, defendant argues that because he was not represented by counsel, his wife was allowed to testify against him in violation of the spousal testimonial privilege, and her prior statements were erroneously admitted into evidence. Again, however, defendant does not show how these alleged errors prejudiced him. In fact, defendant admits that his wife's testimony was not helpful to Layton City. Furthermore, two eye witnesses to the assault, in addition to defendant's wife, testified for Layton City. Defendant only provided a transcript of the prelude to his trial containing defendant's request for an attorney and the trial court's denial of that request. In the absence of a transcript of the witnesses' testimony, we cannot determine whether defendant was prejudiced by his wife's testimony. " 'If an appellant fails to provide an adequate record on appeal, [the reviewing] Court must assume the regularity of the proceedings below.' " *Jolivet v. Cook*, 784 P.2d 1148, 1150 (Utah 1989) (quoting *State v. Miller*, 718 P.2d 403, 405 (Utah 1986)). Thus, we must assume that Layton City's other two witnesses provided testimony sufficient to warrant a guilty verdict even if defendant's wife had not testified and even if her prior written statements were not admitted.

Defendant finally asserts that because he was denied an opportunity to obtain counsel, he mounted no defense. While it is true that a defendant who mounts no defense will almost certainly be convicted, it is not necessarily true that a defendant with a lawyer will not be found guilty as charged. Again, defendant merely asserts prejudice without making any tangible showing that the result would have been different absent the alleged errors. Because defendant has not met his burden in showing that he was prejudiced by the trial court's denial of his request for a continuance, we must conclude the trial court did not abuse its discretion.

## CONCLUSION

We determine defendant had no right to appointed counsel at his misdemeanor trial because he was not sentenced to prison, and therefore the trial court did not err in failing to advise defendant of his right to appointed counsel and to inquire into his indigence. We further hold that defendant had no constitutional right to retained counsel under these factual circumstances and thus his conviction did not violate the Sixth Amendment right to counsel. Finally, we conclude the trial court did not abuse its discretion in denying defendant's motion for a continuance because defendant has failed to demonstrate he was prejudiced.

JACKSON, J., concurs.

ORME, J., concurs in the result.