WEST VALLEY CITY, Plaintiff and Appellee,

v.

Caree F. McDONALD, Defendant and Appellant.

No. 960471–CA.

Court of Appeals of Utah.

Nov. 14, 1997.

Michael A. Jensen, Salt Lake City, for Defendant and Appellant.

J. Richard Catten, West Valley City, for Plaintiff and Appellee.

Before DAVIS, P.J., WILKINS, Associate P.J., and BILLINGS, J.

## OPINION

BILLINGS, Judge:

Defendant Caree F. McDonald appeals from a conviction of exceeding the speed limit in violation of Utah Code Ann. § 41–6–46 (Supp.1997). We affirm.

## FACTS

McDonald received notice that West Valley City (the City) was charging her with a speeding violation, based on "photo radar," for traveling fifty-one miles per hour in a forty mile-per-hour zone. The notice stated bail was fifty-seven dollars. Counsel for McDonald subsequently entered a notice of appearance and a request for jury trial.

The City filed an information formally charging McDonald with exceeding the posted speed by eleven miles per hour, a class C misdemeanor, in violation of section 41–6–46. After the case was set for a bench trial, McDonald again requested a jury trial. The City then filed an amended information containing the same speeding charge against McDonald, but stating the violation was an infraction rather than a class C misdemeanor.

On the day of trial, the court heard arguments on McDonald's motion and denied both her request for a jury trial and for a continuance, but agreed to sentence McDonald only to the penalties appropriate for an infraction. Trial proceeded, and McDonald was found guilty as charged. The trial court sentenced McDonald to pay a sixty dollar fine and attend traffic school.

## ANALYSIS

■ McDonald argues on appeal that when the trial court allowed the City to reduce the speeding violation charge from a class C misdemeanor to an infraction, the trial court violated Rule 4(d) of the Utah Rules of Criminal Procedure because reducing the charge deprived McDonald of her statutory right to a jury trial. McDonald further argues the City does not have the authority under Utah law to change the classification of a speeding violation from a class C misdemeanor to an infraction. In addition, McDonald argues Utah Code Ann. § 77–1–6(2)(e) (1995), which does not allow jury trials for defendants charged with an infraction, violates Utah's constitution.[1]

### I. Rule 4(d)

■ A trial court may allow the prosecution to amend a charge against a defendant at any time before the defendant is convicted "if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced." Utah R.Crim. P. 4(d). The original information charging McDonald classified the violation as a class C misdemeanor, which is punishable by a maximum of ninety days imprisonment and a $750 fine. *See* Utah Code Ann. § 76–3–204(3) (1995). The amended information classified McDonald's violation as an infraction, which is punishable by a maximum fine of $750. *See id.* § 76–3–301(1)(e). Utah law provides for a jury trial for criminal defendants except when charged with an infraction. *See id.* § 77–1–6(2)(e); Utah R.Crim. P. 17(d).

The charge in the amended information— speeding in violation of section 41–6–46—was exactly the same as in the original informa-

---

1. McDonald also asserts the trial court abused its discretion in refusing to grant a continuance. McDonald has failed to show the denial was unreasonable or arbitrary, as required by Utah law. *See State v. Begishe,* 937 P.2d 527, 530 (Utah Ct.App.1997). We therefore find no abuse of discretion.

McDonald further contends the trial court abused its discretion by fining her $60 rather than $50 as recommended in the Uniform Fine/ Bail Schedule. Because McDonald fails to show

the trial court's act was "inherently unfair," that the fine was "clearly excessive," or that no reasonable person would accept the trial court's decision, *State v. Wright,* 893 P.2d 1113, 1120 (Utah Ct.App.1995), we find no abuse of discretion. *See also* Utah Code Ann. § 76–3–301.5(5) (1995) ("This [uniform fine schedule] does not prohibit the court from in its discretion imposing no fine, or a fine in any amount up to and including the maximum fine, for the offense."). We do not address McDonald's other arguments as they are meritless.

tion; only the classification, and therefore the penalty, was changed. Thus, no additional or different offense was charged in violation of Rule 4(d). However, McDonald argues amending the information violated a substantial right—her right to a jury trial—because Utah law provides for a jury trial when a defendant is charged with a misdemeanor. *See* Utah Code Ann. § 77–1–6(2)(e) (1995). Thus, according to McDonald, amending the information stripped her of her right to a jury trial under section 77–1–6(2)(e) because once she was charged with an infraction, she no longer could request a jury trial under the statute.

■ It is well established that the right to a jury trial is triggered by the type of punishment a defendant faces. *See, e.g., Lewis v. U.S.,* — U.S. —, —, 116 S.Ct. 2163, 2167, 135 L.Ed.2d 590 (1996) (noting Supreme Court case law has established that when defendant is charged with petty crime carrying maximum six month prison term, Constitution does not guarantee right to jury trial). Section 77–1–6(2)(e) reflects this general rule by providing for a jury trial except when a defendant is charged with an infraction and therefore cannot possibly be sentenced to prison. Once the charging information was amended to an infraction, McDonald faced no possibility of jail time and thus had no right to a jury trial.

■ McDonald also argues the City had no right to charge her with an infraction when state law provides that the offense is a misdemeanor.[2] We view the issue differently. By accepting the amended information

before trial, the trial court in effect agreed not to consider jail time as a possible sentence for McDonald. The trial court's pretrial decision not to impose jail time and thereby eliminate McDonald's right to a jury trial is analogous to a trial court's pretrial decision not to impose jail time, thereby eliminating the defendant's right to appointed counsel. The United States Supreme Court has held that a defendant may be tried without appointed counsel so long as that defendant is not sentenced to jail. *See Scott v. Illinois,* 440 U.S. 367, 373, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979). Therefore under *Scott,* if a trial court decides before trial not to impose jail time, the defendant has no right to appointed counsel. *Cf. Layton City v. Longcrier,* 943 P.2d 655, 658 (Utah Ct.App. 1997) (noting *Scott* applies after-the-fact test to determine if defendant had constitutional right to appointed counsel). Similarly, in this case, once the trial court agreed to eliminate jail time from its sentencing options, it no longer was required under Utah law to grant McDonald's request for a jury trial.[3]

## II. Section 77–1–6(2)(e)

■ McDonald also asks us to find that section 77–1–6(2)(e)[4] violates the Utah Constitution because the Constitution provides for a jury trial in all criminal proceedings,[5] whereas section 77–1–6(2)(e) does not allow jury trials in infraction cases. After reviewing the record, however, we find McDonald failed to properly raise this state constitutional issue before the trial court. None of McDonald's motions before the trial court refers to this constitutional argument, nor is

**2.** McDonald cites section 41–6–16, which requires traffic laws to be enforced uniformly throughout the state. *See* Utah Code Ann. § 41–6–16 (1993). However, this statute does not address the issue presented here—whether a trial court may allow an information charging a defendant with a speeding violation to be amended from a misdemeanor to an infraction.

**3.** We note the United States Supreme Court has not determined whether the right to a jury trial may be eliminated if a judge agrees before trial to impose a sentence of less than six months. *See Lewis v. United States,* — U.S. —, —, 116 S.Ct. 2163, 2168, 135 L.Ed.2d 590 (1996). However, we need not address whether the judge's commitment to impose no jail time violated McDonald's Constitutional right to a jury in

this case because that right did not attach since even a class C misdemeanor in Utah carries less than six months imprisonment. *See infra,* note 6.

**4.** Utah Code Ann. § 77–1–6(2)(e) (1995) provides: "No person shall be convicted unless by verdict of a jury, or upon a plea of guilty or no contest, or upon a judgment of a court when trial by jury has been waived or, *in case of an infraction,* upon a judgment by a magistrate." (Emphasis added.)

**5.** Article 1, Section 12 of the Utah Constitution provides: "In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel .... [and] to have a speedy public trial by an impartial jury...."

the argument raised in the court proceedings for which we have transcripts. When an appellant does not brief a state constitutional argument below, this court will not address it, but rather will analyze the alleged violation under the Federal Constitution. *See State v. Dudley*, 847 P.2d 424, 426 (Utah Ct.App.1993) ("Because appellants failed to develop any meaningful state constitutional argument below, our analysis must proceed solely under federal constitutional law.").

The United States Supreme Court has held that a defendant charged with a petty offense has no constitutional right to a jury trial. *See, e.g., Lewis v. United States*, — U.S. —, —, 116 S.Ct. 2163, 2166, 135 L.Ed.2d 590 (1996). Further, "it is now settled that a legislature's determination that an offense carries maximum prison terms of six months or less indicates its view that an offense is 'petty.' " *Id.* at —, 116 S.Ct. at 2167. Because an infraction carries no prison term under Utah law, it is a petty offense.[6] Thus, section 77–1–6(2)(e) does not violate the right to a jury trial guaranteed under the Federal Constitution.

## CONCLUSION

We hold the trial court's decision to allow the City to amend the information charging McDonald with a speeding violation from a class C misdemeanor to an infraction did not violate Rule 4(d) of the Utah Rules of Criminal Procedure. Further, we hold that when the trial court accepted the amended information, it effectively agreed not to sentence McDonald to jail, and consequently McDonald did not have a right to a jury trial under Utah law. Finally, we conclude section 77–1–6(2)(e) does not violate the right to a jury trial guaranteed by the Federal Constitution. We therefore affirm McDonald's conviction.

DAVIS, P.J., and WILKINS, Associate P.J., concur.

---

**6.** We note that under United States Supreme Court case law, a class C misdemeanor in Utah is also a petty offense because it carries a maximum prison term of six months or less. There-

fore, McDonald would not have had a right to a jury trial under the Federal Constitution even if the trial court had not allowed the charging information to be amended to an infraction.