2002 UT App 66

**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Martha Susana ROSETO, Defendant and Appellant.**

No. 20001152–CA.

Court of Appeals of Utah.

March 7, 2002.

Rudy J. Bautista, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Padma Veeru–Collings, Salt Lake City Attorney Office, Salt Lake City, for Appellee.

Before JACKSON, P.J., and BENCH, and DAVIS, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Ms. Roseto, who was charged with a class C misdemeanor, challenges the trial court's denial of her request for a jury trial.

## BACKGROUND

¶ 2 During the evening of July 24, 2000, Salt Lake City Police Officer Chris Williamson responded to a high priority call to assist other officers at an apartment complex located at 1601 West 300 South, Salt Lake City, Utah. When Officer Williamson arrived at the apartment complex other Salt Lake City police officers were investigating an aggravated assault.

¶ 3 Upon his arrival Officer Williamson was asked to assist in crowd control. His objective was to control a group of people near the investigation to ensure that they did not interfere with the officers' investigation. There were approximately a dozen people in the group who were in the front of the apartment complex to observe the Pioneer Day firework display. Officer Williamson did not clarify what the people were doing; whether they were watching the police officers, the fireworks, or both. Officer Williamson decided the best way to control the people was to order them back into their apartments. During cross-examination, Officer Williamson testified that his decision to order people into their apartments was discretionary, not required.

¶ 4 Ms. Roseto encountered Officer Williamson outside the building in which she resides. Officer Williamson testified that Ms. Roseto had asked him why so many police officers were needed. She informed him that she was a witness to a related incident involving an assault and wanted to speak with the police sergeant in charge. Officer Williamson testified that he ordered Ms. Roseto to return to her apartment five times. Each time he ordered her to return to her apartment, she would retreat away from the officer, but she never returned to her apartment and continued to ask to speak with the sergeant in charge. Ms. Roseto had witnessed a previous arrest and wanted to ensure that the police were aware of what she had seen.

¶ 5 According to Officer Williamson's testimony, he was not aware of anyone interfering with the police investigation. Moreover, the officer never testified that Ms. Roseto crossed his "line in the sand." In addition, Officer Williamson's sergeant, Sergeant Thurgood, testified that he did not see Ms. Roseto blocking people or officers from the investigation site. Nonetheless, pursuant to Salt Lake City, Utah, Code 11.12.020, Ms. Roseto was charged with Disturbing the Peace, a class C misdemeanor.

¶ 6 Ms. Roseto filed a written demand for a jury trial on October 10, 2000. A pre-trial conference was held on November 17, 2000, at which time she made another request for a jury trial. Her request was denied on the ground that she was not entitled to a jury trial when charged with a class C misdemeanor. The trial court indicated that it was familiar with both Utah Code Ann. 77–1–6 (1999) and case law relied upon by the Appellant and found that "this class C falls within the constitutional definition of petty cases." The trial court further based its determination on its commitment that no jail time would be imposed even if Ms. Roseto were convicted. A bench trial was held on December 4, 2000, where, pursuant to Salt Lake City, Utah, Code 11.12.020, Ms. Roseto was found guilty of Disturbing the Peace by failing to comply with a police officer's order to return to her apartment. Ms. Roseto's sentence was credited for her community service already rendered, and she was ordered to pay a recoupment fee of $150.00 to Salt Lake Legal Defenders Association.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 7 Ms. Roseto argues that the trial court erred in denying her a jury trial pursuant to Utah Code Ann. 77–1–6 (1999), and Rule 17(d) of the Utah Rules of Criminal Procedure.[1] This court reviews a trial

---

1. Alternatively, Appellant challenges the constitutionality of Salt Lake City, Utah, Code 11.12.020.

court's legal determinations non-deferentially for correctness. *See State v. Pena,* 869 P.2d 932, 935–36 (Utah 1994).

## ANALYSIS

¶ 8 Appellant contends that section 77–1–6 and Rule 17 guaranty a criminal defendant a jury trial in all cases, except those involving mere infractions, unless a trial by jury has been waived. *See* Utah Code Ann. 77–1–6(2)(e); *see also* Utah R.Crim. P. 17(d). The rules of statutory construction in Utah are well settled. When interpreting a statute, this court looks first to the plain language of the statute. *See State v. Vigil,* 842 P.2d 843, 845 (Utah 1992); *see also Salt Lake Therapy Clinic v. Frederick,* 890 P.2d 1017, 1020 (Utah 1995) ("[S]tatutes are generally to be construed according to their plain language. Moreover, '[u]nambiguous language may not be interpreted to contradict its plain meaning.'" (second alteration in original) (citation omitted)). The reason for such an approach is that "'[w]e must be guided by the law as it is.... When language is clear and unambiguous, it must be held to mean what it expresses, and no room is left for construction.'" *Frederick,* 890 P.2d at 1020 (citation omitted).

¶ 9 Section 77–1–6 provides:

(1) In criminal prosecutions the defendant is entitled:

. . . .

(f) To a speedy public trial by an impartial jury of the county or district where the offense is alleged to have been committed;

. . . .

(2) In addition:

. . . .

(e) No person shall be convicted unless by verdict of a jury, or upon a plea of guilty or no contest, or upon a judgment of a court when trial by jury has been waived or, in case of an infraction, upon a judgment by a magistrate.

Utah Code Ann. 77–1–16.

¶ 10 To invoke the rights guaranteed by this section, a defendant charged with a misdemeanor must comply with Rule 17 of the Utah Rules of Criminal Procedure which requires that:

(c) All felony cases shall be tried by jury unless the defendant waives a jury in open court with the approval of the court and the consent of the prosecution.

(d) All other cases shall be tried without a jury unless the defendant makes a written demand at least ten days prior to trial, or the court orders otherwise. No jury shall be allowed in the trial of an infraction.

Utah R.Crim. P. 17(c)-(d).

¶ 11 Section 77–1–6 is clear and unambiguous: pursuant to this section, the trial court need only determine (1) that the defendant is charged with a crime other than an infraction; (2) that the defendant has complied with Rule 17(d) by making a written demand for a jury trial; and (3) that the defendant has not waived the right to a jury trial. *See* Utah Code Ann. 77–1–6; Utah R.Crim. P. 17(d). Appellant filed both a timely written demand for a jury trial and renewed the same at pretrial conference. It is undisputed that Ms. Roseto did not waive her right to a jury trial.

¶ 12 Salt Lake City (the City) argues that the court's commitment to sentence Ms. Roseto as though she were convicted of an infraction rather than a class C misdemeanor obviates her entitlement to a jury trial. It relies on *West Valley City v. McDonald,* 948 P.2d 371 (Utah Ct.App.1997), a case in which the trial court's denial of a jury trial to a defendant charged with a class C misdemeanor was upheld. The distinction between that case and the case at hand is that in

---

However, because we conclude that under Utah Code Ann. 77–1–6 (1999) and Utah R.Crim. P. 17(d) a defendant charged with a class C misdemeanor is entitled to a jury trial unless waived, we do not reach this issue. *See R.O.A. Gen., Inc. v. Department of Transp.,* 966 P.2d 840, 842 (Utah 1998) ("We do not reach [appellant's] constitutional arguments because we can resolve this case on statutory grounds."); *Hoyle v. Monson,* 606 P.2d 240, 242 (Utah 1980) ("[A] constitutional question is not to be reached if the merits of the case in hand may be fairly determined on other than constitutional issues."); *see also Draughon v. Department of Fin. Insts.,* 1999 UT App 42, ¶ 5 n. 2, 975 P.2d 935 ("Because we conclude this issue is dispositive, we do not reach appellant's constitutional arguments.").

*McDonald,* prior to the trial, the prosecutor amended the charge against the defendant to an infraction. *See id.* at 373–74. In accordance with section 77–1–6, this court affirmed the trial court's determination that the Appellant was not entitled to a jury trial when charged with an *infraction. See id.* at 375. By so holding, this court recognized the validity of section 77–1–6, and the rights granted a defendant charged with a class C misdemeanor. In the case at hand, even though Appellant was sentenced as though charged with an infraction, her record reflects that she was charged and convicted of a class C misdemeanor.

¶ 13 The City further makes the rather novel argument that section 77–1–6 and Rule 17(d) cannot give a criminal defendant greater rights than those provided for in the United States and Utah Constitutions. Both parties agree that Ms. Roseto has no constitutional right to a jury trial on a class C misdemeanor. *See, e.g., Lewis v. United States,* 518 U.S. 322, 324, 116 S.Ct. 2163, 2166, 135 L.Ed.2d 590 (1996); *McDonald,* 948 P.2d at 374. However, the right to a jury trial provided by the United States and Utah Constitutions establishes the minimum right to which our citizens are entitled and in no way limits the ability of the legislature to extend the same beyond those minimum constitutional standards. *See, e.g., State v. Mangelsen,* 207 Neb. 213, 297 N.W.2d 765, 767–68 (1980) (recognizing statutory right to jury trial in petty cases); *State v. Golden,* 8 Neb.App. 601, 599 N.W.2d 224, 228 (1999) (recognizing that even though defendant had no constitutional right to a jury trial, the same right was statutorily provided).

### CONCLUSION

¶ 14 Under the clear and unambiguous provisions of section 77–1–6 and Rule 17(d), Ms. Roseto is entitled to a jury trial. We therefore reverse and remand for a jury trial.

¶ 15 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, and RUSSELL W. BENCH, Judge.