2003 UT App 286

**OREM CITY, Plaintiff and Appellee,**

v.

**Todd BOVO, Defendant and Appellant.**

No. 20020673–CA.

Court of Appeals of Utah.

Aug. 14, 2003.

Todd Bovo, Orem, Appellant Pro Se.

Robert J. Church, Orem City Attorney's Office, Orem, for Appellee.

Before BILLINGS, Associate P.J., and GREENWOOD and ORME, JJ.

## OPINION

GREENWOOD, Judge:

¶ 1 Todd Bovo (Defendant), proceeding pro se, appeals his conviction of reckless driving, in violation of Utah Code Ann. § 41–6–45 (Supp.2002), and disorderly conduct, in violation of Utah Code Ann. § 76–9–102 (1999). Defendant contends that (1) the trial court erred in denying him a jury trial, and (2) the officers did not have probable cause to arrest him. Because we conclude Defendant was improperly denied a trial by jury, we reverse.

## BACKGROUND

¶ 2 On April 6, 2002, M.C. and her mother (collectively, the Complainants) were traveling in their car eastbound on 800 South in Orem, Utah. Defendant pulled behind the Complainants' car and began tailgating, honking, and flashing his lights. He attempted unsuccessfully to pass on the left over a double yellow line and then again tried to pass by driving on the right shoulder of the road. M.C. called 911 and reported Defendant's erratic driving. Dispatch directed M.C. to follow Defendant's vehicle until a police officer could pull Defendant over. Shortly thereafter, Defendant was stopped

by Officer Bingham of the Orem Police Department.

¶ 3 While Bingham ran a check on Defendant's license, registration, and insurance, Officer Healy arrived and the Complainants pulled behind the patrol cars. During the traffic stop, Defendant's behavior was belligerent and aggressive and he grudgingly complied with the officers' requests. While the officers' backs were turned, Defendant made an obscene gesture toward the Complainants and mouthed the threat, "You'll pay for this." Bingham and Healy did not hear or see Defendant make the gesture or the threat. The officers arrested Defendant and charged him with reckless driving, a class B misdemeanor, and disorderly conduct, an infraction.

¶ 4 At his June 13, 2002 arraignment, Defendant made an oral request for a jury trial. The trial judge denied the request and informed Defendant that he was not entitled to a jury trial because he was "not in any jeopardy of going to jail ... even if convicted." The trial judge then asked the City, "So this would be tried as if they were both infractions, then?" Neither the trial judge nor the City clearly answered this question.

¶ 5 A bench trial was held on July 19, 2002. Defendant again requested a jury trial. The trial court denied the request, stating that "no one has ever requested a jury in this case." Defendant represented himself at trial and was found guilty of disorderly conduct, an infraction, and reckless driving, a class B misdemeanor. Defendant was fined for the infraction and sentenced to six months in jail and fined for the class B misdemeanor. Although the jail sentence was suspended, Defendant was also sentenced to one year probation. Defendant appeals.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 6 Defendant argues the trial court erred when it denied him a jury trial for reckless driving, a class B misdemeanor. The trial court's legal determinations are reviewed "non-deferentially for correctness."

1. Rule 17(d) of the Utah Rules of Criminal Procedure precludes jury trials for infractions. *See* Utah R.Crim. P. 17(d) ("No jury shall be allowed in the trial of an infraction."); *see also West*

*Salt Lake City v. Roseto*, 2002 UT App 66, ¶ 7, 44 P.3d 835.

■ ¶ 7 Defendant also argues his arrest was improper because the arresting officers lacked probable cause to make the arrest. This court reviews a trial court's legal determination of probable cause for correctness, affording some discretion to the trial court. *See State v. Poole*, 871 P.2d 531, 533 (Utah 1994) (explaining standard of review for both reasonable suspicion and probable cause is the same).

## ANALYSIS

### I. Right to a Jury Trial

¶ 8 Defendant contends the trial court erred in refusing to permit him a jury trial for reckless driving, a class B misdemeanor. Defendant argues that the Sixth Amendment of the United States Constitution and Utah Code Ann. § 77–1–6 (1999) guarantee him the right to a trial by jury. Defendant further contends he should have been afforded a jury trial even though he did not comply with rule 17(d) of the Utah Rules of Criminal Procedure, because he reasonably believed the charge would be amended to an infraction.

¶ 9 Section 77–1–6(1)(f) of the Utah Code states that a criminal defendant is entitled "[t]o a speedy public trial by an impartial jury." *Id.* The statute also provides that "[n]o person shall be convicted unless by verdict of a jury, or upon a plea of guilty or no contest, or upon a judgement of a court when trial by jury has been waived or, in case of an infraction, upon a judgment by a magistrate." Utah Code Ann. § 77–1–6(2)(e). A jury trial is provided in misdemeanor cases if "the defendant makes written demand at least ten days prior to trial, or the court orders otherwise." Utah R.Crim. P. 17(d).[1] The City argues the trial court did not err in refusing a trial by jury because Defendant did not comply with rule 17(d) by filing a written demand for a jury trial with the trial court. *See Salt Lake City v. Roseto,*

*Valley City v. McDonald,* 948 P.2d 371, 374 (Utah Ct.App.1997) (holding defendant not entitled to jury trial when class C misdemeanor was amended to infraction).

2002 UT App 66, ¶¶ 11,14, 44 P.3d 835 (holding defendant entitled to jury trial for class C misdemeanor because she filed written demand with trial court).

¶ 10 In *Roseto,* this court determined that under Utah Code Ann. § 77-1-6,

> the trial court need only determine (1) that the defendant is charged with a crime other than an infraction; (2) that the defendant has complied with Rule 17(d) by making a written demand for a jury trial; and (3) that the defendant has not waived the right to a jury trial.[2]

*Roseto,* 2002 UT App 66 at ¶ 11, 44 P.3d 835. In this case, Defendant was charged with a misdemeanor. However, after Defendant requested a jury trial at his arraignment, the following dialogue took place:

> The Court: This isn't going to be tried to a jury, because you're not in any jeopardy of going to jail even if convicted, Mr. Bovo.
>
> . . . .
>
> The Court: I know [jail time is] a possibility, but I haven't put anybody in jail for reckless driving in 18 years.
>
> Defendant: Right.
>
> The Court: You're not in any jeopardy of going to jail. If the City wants to—do you want to put any statement on about the possibility of seeking any jail time?
>
> [Prosecutor]: (inaudible) I don't think that that's (inaudible).
>
> The Court: So this would be tried as if they were both infractions, then?
>
> . . . .
>
> The Court: Case law has held in interpreting the Sixth Amendment that if there's no jeopardy of going to jail, even if convicted, then the right to a jury trial does not apply.

¶ 11 Defendant argues the above colloquy misled him into believing the misdemeanor charge would be reduced to an infraction. Defendant claims that had he known the reckless driving charge would remain classified as a class B misdemeanor, he would have made a written demand for a jury trial under rule 17(d).

¶ 12 Defendant acted pro se in the trial court proceedings. Although a pro se defendant is required to adhere to procedural rules and the law, leniency may be appropriate in limited circumstances. A pro se defendant's "'lack of technical knowledge of law and procedure ... should be accorded every consideration that may reasonably be indulged.'" *Nelson v. Jacobsen,* 669 P.2d 1207, 1213 (Utah 1983) (quoting *Heathman v. Hatch,* 13 Utah 2d 266, 372 P.2d 990, 991 (1962)). In some instances, lack of accurate advice by the trial court may be "fundamentally unfair" to a pro se party. *Id.* at 1214. Indeed, in *State v. Stevens,* 718 P.2d 398 (Utah 1986), the Utah Supreme Court stated that despite defendant's "failure to follow our rules on appeal, ... we cannot ignore the facts that [the defendant] had a right to a jury trial, that he asked for one, and that it was denied. This is particularly true because defendant is proceeding without counsel." *Id.* at 400.

¶ 13 Given the facts of this case, we conclude Defendant reasonably believed the misdemeanor charge would be reduced to an infraction and/or that jail time would not be imposed. Defendant's belief was based on the court's statements and the failure of the City to provide any refutation or clarification. Under the impression that the charge would be amended to an infraction it would have been futile for Defendant to file a written jury demand pursuant to rule 17(d). At the time trial occurred the City had not amended the charge to an infraction and it was too late to file a written demand. The trial court then imposed a jail sentence, albeit one it suspended pending successful completion of probation. If Defendant violated probation he would be subject to imposition of the jail sentence. We therefore conclude Defendant was misled by the trial court and the City

---

2. In *Aspenwood, L.L.C. v. C.A.T., L.L.C.,* 2003 UT App 28, 73 P.3d 947, this court held that the plaintiff had waived the "right to a jury trial because, after having notice that the trial was set before the bench, [the plaintiff] failed to object until the eve of trial." *Id.* at ¶ 42. This case presents the opposite situation to *Aspenwood.* In this case, Defendant contends the trial court assured him he would be tried and/or sentenced for an infraction with no possibility of a jail sentence. In *Aspenwood,* the trial court notified the plaintiff the case was set for a bench trial. *See id.* at ¶ 9. Thus, *Aspenwood* is inapplicable.

and consequently, Defendant was unfairly deprived of a jury trial.

## II. Probable Cause to Arrest

¶ 14 Defendant also argues the officers lacked probable cause to arrest him because the officers did not witness the offenses being committed.[3] Defendant asserts that Utah Code Ann. § 77–7–2 (1999) requires an offense to be committed in the officer's presence for an arrest to be made.[4] In *State v. Trane*, 2002 UT 97, 57 P.3d 1052, the Utah Supreme Court stated that the determination of whether an officer can make a warrantless arrest " ' "should be made on an objective standard: whether from the facts known to the officer, and the inferences [that can] fairly ... be drawn therefrom, a reasonable and prudent person in [the officer's] position would be justified in believing that the suspect had committed the offense." ' " *Id.* at ¶ 27 (alterations in original) (citations omitted).

¶ 15 Here, the officers acted upon statements from credible witnesses that Defendant committed reckless driving and disorderly conduct. Thus, the officers acted reasonably and Defendant's arrest was proper.

## CONCLUSION

¶ 16 Although Defendant's arrest was proper, we determine that the trial court erred by denying Defendant a jury trial. The trial court's statements that jail time would not be imposed and suggesting that charges would be amended to infractions provided a sufficient basis for Defendant to reasonably believe that it would have been futile to file a written demand for a jury trial pursuant to rule 17(d) of the Utah Rules of Criminal Procedure. In light of the court's statements, Defendant's two oral requests for a jury trial, and his pro se status, he was entitled to a jury trial in spite of noncompliance with rule 17(d). Thus, we reverse and remand for proceedings consistent with this opinion.[5]

¶ 17 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge and GREGORY K. ORME, Judge.

---

3. Defendant also contends his statements and evidence against him should be suppressed because he was never given a *Miranda* warning. However, Defendant fails to clearly identify which statements he believes should be suppressed. Further, Defendant's statements were made spontaneously and voluntarily and not in response to a custodial interrogation. *See State v. Guerrero*, 29 Utah 2d 243, 507 P.2d 1029, 1030 (1973) (holding *Miranda* "does not proscribe the admission of a statement of a criminal defendant in custody which was not made in response to any process of interrogation initiated by the police").

4. Utah Code Ann. § 77–7–2 (1999) states:

A peace officer may make an arrest under authority of a warrant or may, without warrant, arrest a person:

(1) for any public offense committed or attempted in the presence of any peace officer;
...
(2) when he has reasonable cause to believe a felony or a class A misdemeanor has been committed and has reasonable cause to believe that the person arrested has committed it;
(3) when he has reasonable cause to believe the person has committed a public offense, and there is reasonable cause for believing the person may:
(a) flee or conceal himself to avoid arrest;
(b) destroy or conceal evidence of the commission of the offense; or
(c) injure another person or damage property belonging to another person.

5. We do not address other issues raised by Defendant because of our resolution of the jury trial issue.