2009 UT App 23

**STATE of Utah, Plaintiff and Appellee,**

v.

**Evan Dewayne BOYLES, Defendant and Appellant.**

**No. 20070767–CA.**

Court of Appeals of Utah.

Jan. 29, 2009.

Dee W. Smith, Ogden, for Appellant.

Mark L. Shurtleff, atty. gen., and Ryan D. Tenney, asst. atty. gen., Salt Lake City, for Appellee.

Before THORNE, Associate P.J., ORME and McHUGH, JJ.

OPINION

THORNE, Associate Presiding Judge:

¶ 1 Evan Dewayne Boyles appeals from his criminal convictions on one felony and two misdemeanor drug-related counts, arguing that the district court impermissibly denied him his right to a jury trial. We reverse Boyles's convictions.

BACKGROUND

¶ 2 On May 5, 2006, Boyles was charged by information with possession of a controlled substance, a third degree felony, *see* Utah

Code Ann. § 58–37–8(2)(a)(i) (Supp.2008); possession of less than one ounce of marijuana, a class B misdemeanor, *see id.* § 58–37–8(2)(d); and possession of ·drug paraphernalia, a class B misdemeanor,· *see* Utah Code Ann. § 58–37a–5(1) (Supp.2008).[1] Boyles, acting pro se, attended several pre-trial conferences. At the final such conference on March 21, 2007, the district court asked Boyles if he was "expecting a jury trial," to which Boyles responded "yes." The district court then scheduled a jury trial for May 3, 2007.

¶ 3 Boyles, still acting pro se, failed to appear for trial. The district court found that Boyles had willfully absented himself and allowed the State to proceed despite Boyles's absence. The district court also asked the State if it wanted to waive a jury trial and try its case against Boyles to the bench, and the State elected to do so. The district court released the jury, tried Boyles in absentia, and convicted him of all three charges. Boyles now appeals the convictions.

## ISSUE AND STANDARD OF REVIEW

¶ 4 Boyles argues that the district court violated his right to a jury trial when it dismissed the jury and held a bench trial in absentia. We review such legal determinations by district courts " 'non-deferentially for correctness.' " *Orem City v. Bovo,* 2003 UT App 286, ¶ 6, 76 P.3d 1170 (quoting *Salt Lake City v. Roseto,* 2002 UT App 66, ¶ 7, 44 P.3d 835).

## ANALYSIS

¶ 5 Rule 17(c) of the Utah Rules of Criminal Procedure states: "All felony cases shall be tried by jury unless the defendant waives a jury in open court with the approval of the court and the consent of the prosecution." Utah R.Crim. P. 17(c). This case is, in part, a felony case, and there is nothing in the record demonstrating ·Boyles's waiver of his right to a jury trial. Boyles's absence alone does not constitute a knowing and vol-

untary waiver of his jury trial right. *Cf. State v. Cook,* 714 P.2d 296, 297 (Utah 1986) (per curiam) ("In any event, no waiver of a jury was ever made by defendant in open court or on the record. Such waiver will not be presumed from a silent record."). The State concedes that Boyles did not waive his jury trial right and that vacation of his felony conviction is therefore appropriate. In light of the mandatory language of rule 17, the State's concession is well-taken, and we vacate Boyles's felony conviction.

¶ 6 Despite its concession as to Boyles's felony conviction, the State argues that his two misdemeanor convictions should be affirmed because Boyles failed to make a written request for a jury at least ten days prior to trial. *See* Utah R.Crim. P. 17(d). Rule 17(d) states: "All other cases shall be tried without a jury unless the defendant makes written demand at least ten days prior to trial, or the court orders otherwise." *Id.* Here, although the State is correct that Boyles never made a written request for a jury trial on his misdemeanor charges, Boyles's right to a jury trial nevertheless attached under the rule because the "court order[ed] otherwise." *See id.* Once the district court unconditionally honored Boyles's verbal ·request by setting the matter for a jury trial, without preconditions,. at the March 21, 2007 pre-trial conference, Boyles's right to a jury· under the rule arose just as if he had made a timely written request. The State's own argument presumes that Boyles's misdemeanor convictions would be improper if Boyles had made a written request for a jury trial, and we hold that they are equally improper where, as here, a trial court has actually ordered a jury trial following a verbal request without setting preconditions or other requirements upon the defendant.

¶ 7 This result is consistent with our holding in *Orem City v. Bovo,* 2003 UT App 286, 76 P.3d 1170. In *Bovo,* the defendant requested a jury trial on his misdemeanor charge at his arraignment. *See id.* ¶ 10. The trial court assured the defendant that the misdemeanor would be tried as an infrac-

---

1. Because Boyles's arguments on appeal do not concern the statutory language, we cite to the current code as a convenience to the reader.

tion with no possibility of jail time. *See id.* The defendant did not make a written request for a jury trial and appeared at trial pro se. *See id.* ¶¶ 12–13. Despite the defendant's repeated demand for a jury trial, the trial court conducted a bench trial, convicted the defendant of a misdemeanor, and sentenced him to jail. *See id.* ¶¶ 4–5. This court reversed the defendant's misdemeanor conviction, reasoning that the defendant reasonably believed that the charge would be reduced to an infraction; that this belief would have rendered a written request for a jury trial futile;[2] and that the defendant "was misled by the trial court and the City and consequently, [the d]efendant was unfairly deprived of a jury trial." *Id.* ¶ 13.

¶ 8 Here, Boyles was also acting pro se and was led to believe that he would be receiving a jury trial on all three charges against him, including the misdemeanors. Surely, he was under no obligation to file a written request for a jury trial after the district court had already unconditionally ordered one. And, while we imply no wrongdoing on the part of the district court or the State, their mutual decision to proceed with a bench trial after a jury trial had been set did have the effect of changing the conditions of Boyles's trial without his knowledge or consent. Although Boyles voluntarily absented himself from trial, that trial was scheduled as a jury trial and there was no knowing waiver of that jury trial by Boyles. Accordingly, we also vacate Boyles's misdemeanor convictions.

## CONCLUSION

¶ 9 The State concedes, and we agree, that Boyles's felony conviction must be vacated as a violation of his right to a jury trial. We additionally hold that Boyles's right to a jury trial for his misdemeanor charges attached under rule 17 of the Utah Rules of Criminal Procedure when the district court ordered those matters set for a jury trial. The district court then erred when it proceeded to conduct a bench trial on the misdemeanor charges without obtaining Boyles's waiver of

the scheduled jury trial. For these reasons, we vacate all three of Boyles's convictions.

¶ 10 WE CONCUR: GREGORY K. ORME and CAROLYN B. McHUGH, Judges.

---

2. Rule 17(d) also provides that "[n]o jury shall be allowed in the trial of an infraction." Utah R.Crim. P. 17(d).