2011 UT App 89

**Shannon F. CRIST, Petitioner and Appellee,**

v.

**Neil B. CRIST, Respondent and Appellant.**

No. 20100820–CA.

Court of Appeals of Utah.

March 24, 2011.

Neil B. Crist, North Salt Lake, Appellant Pro Se.

Bradley M. Strassberg, Salt Lake City, for Appellee.

Before Judges DAVIS, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Neil B. Crist appeals the district court's July 29, 2010 order and judgment. This matter is before the court on Shannon F. Crist's motion for summary disposition. Ms. Crist asserts that this court lacks jurisdiction because the judgment and order is not final for purposes of appeal.

¶ 2 This court does not have jurisdiction to consider an appeal unless it is taken from a final judgment or order, or qualifies for an exception to the final judgment rule. *See Loffredo v. Holt*, 2001 UT 97, ¶¶10, 15, 37 P.3d 1070. An order is final only if it disposes of the case as to all parties and "finally dispose[s] of the subject-matter of the litigation on the merits of the case." *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (internal quotation marks omitted); *see also* Utah R. Civ. P. 54(b) (stating that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties").

¶ 3 The order and judgment entered by the district court is not a final order because it does not dispose of all issues in the litigation. Specifically, the order and judgment

---

indicates that issues concerning "the amount owing under the retirement division" and "Respondent's claim against Petitioner for money due him under the Beck contract and the AFCU wire transfer and Petitioner's claims against the Respondent for unpaid alimony and child support" remain unresolved. The conclusion that these issues remain unresolved is further supported by the district court's May 19, 2010 memorandum decision in which the court noted that such issues had been excluded from consideration at trial for resolution at a later date. Thus, the July 29, 2010 order and judgment did not finally resolve all issues in the litigation. Accordingly, this court lacks jurisdiction to hear this appeal. When this court lacks jurisdiction, it must dismiss the appeal. *See Loffredo*, 2001 UT 97, 711, 37 P.3d 1070.

¶ 4 The appeal is dismissed without prejudice to the filing of a timely appeal after the district court enters a final, appealable order.