IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| American Fork City, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110852-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 6, 2012) |
| Steven M. Hulet, | ) | |
| | ) | 2012 UT App 343 |
| Defendant and Appellant. | ) | |

-----

Fourth District, American Fork Department, 101101137
The Honorable Thomas Low

Attorneys:     Steven M. Hulet, Highland, Appellant Pro Se
               James Hansen and Timothy G. Merrill, Pleasant Grove, for Appellee

-----

Before Judges Orme, Thorne, and Roth.

¶1     Steven M. Hulet appeals his convictions of criminal trespass and violation of American Fork City's door-to-door solicitation ordinance, both infractions. We affirm.

¶2     Hulet asserts that the district court violated his right to a trial by jury by conducting a bench trial against Hulet's expressed desire to have a jury trial. This court has previously established that a bench trial in a case involving only infractions does not violate a defendant's right to a trial by jury under the federal constitution because an infraction carries no prison term. *See West Valley City v. McDonald*, 948 P.2d 371, 375 (Utah Ct. App. 1997). Hulet argues, however, that a bench trial under such circumstances violates a defendant's right to a trial by jury under Article 1, Section 12, of the Utah Constitution. Hulet has failed to adequately brief this state constitutional issue. *See State v. Tiedemann*, 2007 UT 49, ¶ 37, 162 P.3d 1106 (discussing the procedure

for advancing a state constitutional claim and noting that the "mere mention of state provisions" is insufficient to brief a state constitutional argument); Utah R. App. P. 24(a)(9). Accordingly, because Hulet does not adequately brief the state constitutional argument, we do not address it.

¶3      Hulet next asserts that his right to due process was violated when the district court allowed American Fork to file an amended information reducing the charges from misdemeanors to infractions. Hulet fails to adequately brief the issue. An issue is inadequately briefed "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998); *see also State v. Honie*, 2002 UT 4, ¶ 67, 57 P.3d 977 ("On appeal, the appellant is required to clearly define the issues and provide accompanying argument and authority; a reviewing court is not simply a depository in which the appealing party may dump the burden of argument and research."). Here, Hulet broadly asserts that he was prejudiced by the amended information because the amendment of the charges to infractions deprived him of the right to a trial by jury. However, Hulet provides no case law or analysis to support his broad assertion, especially in light of existing case law that has previously rejected such an argument. *See South Ogden City v. Hartigan*, 2000 UT App 149U (mem.) (per curiam) (rejecting appellant's argument that South Ogden City had "violated his constitutional rights by amending the charge to an infraction so as to deprive him of his right to a jury trial"); *see also West Valley City v. McDonald*, 948 P.2d 371, 374 (Utah Ct. App. 1997) (upholding the trial court's decision to allow the prosecutor to reduce the charge from a class C misdemeanor to an infraction because "[b]y accepting the amended information before trial, the trial court in effect agreed not to consider jail time as a possible sentence for McDonald"). Accordingly, we decline to consider this inadequately briefed issue.

¶4      Finally, Hulet argues that the district court erred in denying his motion to compel the production of recordings that the investigating officer made during his interviews of Hulet at the scene. Hulet claims that the recordings contain exculpatory evidence because they would demonstrate exactly what Hulet told the investigating officer and that the officer lied in his police report and ultimate testimony. The server that contained the recordings crashed, thereby preventing ready retrieval of the recordings from the server. Testimony revealed that it was possible that the recordings might be retrievable from the crashed server or a back-up server. However, the recovery attempt would take a technician one to two weeks of full-time work to retrieve

the data and, even then, it might still be corrupted and unusable. "[T]rial courts have broad discretion in matters of discovery." *State v. Tanner*, 2011 UT App 39, ¶ 5, 248 P.3d 61. Here, the district court denied the motion, in part because Hulet never explained the relevance of the evidence by identifying the portions of the officer's testimony he claimed were false. Furthermore, Hulet never testified at trial. Accordingly, there is no record of how the testimony of the officer and Hulet would have differed. As a consequence, Hulet has failed to show that in balancing the need for the evidence against the cost and uncertainty of retrieval, the district court abused its discretion.

¶5     Affirmed.[1]

_____
Gregory K. Orme, Judge

_____
William A. Thorne Jr., Judge

_____
Stephen L. Roth, Judge

---

[1]Hulet also briefly argues that the loss of the evidence constituted spoliation. However, Hulet did not adequately brief that issue; accordingly, we decline to consider it. *See State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). Furthermore, to the extent that Hulet asserts arguments in his reply brief that were not raised or not adequately briefed in his opening brief, such as sufficiency of the evidence, we do not consider them. *See Coleman v. Stevens*, 2000 UT 98, ¶ 9, 17 P.3d 1122 (stating that "we do not generally consider arguments raised for the first time in the reply brief").